## BIANDI v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 5, 1919.)

No. 3208.

CRIMINAL LAW ⊚419, 420(3)—ADMISSION OF HEARSAY EVIDENCE.

In a prosecution for carrying on the business of a retail dealer without having paid the special tax therefor, it was prejudicial error to permit the prosecuting witness on direct examination to testify that he undertook to buy liquor from defendant because he had been told that defendant was selling.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Criminal prosecution by the United States against E. Biandi. Judgment of conviction, and defendant brings error. Reversed.

Jere Horne and Phil. M. Canale, both of Memphis, Tenn., for plaintiff in error.

Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Biandi was convicted of violating R. S. § 3244 (U. S. Comp. St. § 5971), by engaging in business as a retail liquor dealer without paying the tax, and he prosecutes this writ of error. His trial occurred immediately following that of Mrs. Bailey, No. 3209, 259 Fed. 88, —— C. C. A. ——, whose case we have considered and disposed of by an opinion filed herewith. The facts in the Biandi Case are materially different in some respects from those in the Bailey Case, but the charge of the court to the jury shows that the case was tried upon and the conviction may rest upon that interpretation of the statute which, in the Bailey Case, we have felt compelled to think was erroneous. Biandi's counsel took no exception to the charge, nor did he present any requests to charge which properly saved the point. Perhaps the fact that similar exception to the charge in the Bailey Case had been unavailing tends to explain its absence here. We do not find it necessary to decide whether we ought to proceed under rule 11 (202 Fed. viii, 118 C. C. A. viii), in spite of no exception and no assignment of error, because there is an error duly assigned which would, of itself, justify reversal.

The prosecuting witness was allowed to state that he undertook to buy liquor from Biandi because he had been told that Biandi was selling. This was, quite obviously, merely hearsay, and inadmissible as direct evidence against respondent. Such matters may drop out during cross-examination, and the court can, by proper instruction,

prevent unlawful prejudice; but here the matter was directly developed, and the protest and objection of defendant's counsel were not met by any instruction or caution to the jury. This was especially prejudicial, because the statement was made in the course of an examination by the court.

In such cases as this, no doubt the presence or absence of any previous sale is a relevant fact to be proved one way or the other by witnesses competent to speak; but this may not be done by hearsay. The request for an instructed acquittal was properly refused.

The judgment must be reversed, and the case remanded for a new trial, under that interpretation of the statute indicated by our opinion in the Bailey Case.