ROBILIO v. UNITED STATES (two cases).

(Circuit Court of Appeals, Sixth Circuit. March 5, 1919.)

Nos. 3224, 3225.

1. CRIMINAL LAW ⊜559—SUFFICIENCY OF EVIDENCE—INFERENCE.
    A verdict in a criminal case may rest upon rightful inference, as well as upon direct testimony.

2. CRIMINAL LAW ⊜787(1)—TRIAL—INSTRUCTIONS.
    It is not necessarily error to instruct the jury, in the language of the statute, that defendant's failure to testify creates no presumption against him.

3. CRIMINAL LAW ⊜656(7)—COMMENTS OF COURT ON EVIDENCE.
    Remarks of the court to the effect that the situation created by the government's proofs remained unexplained held not a comment on defendant's failure to testify.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Criminal prosecution by the United States against Joe Robilio and Louis Robilio. Judgment of conviction, and defendants separately bring error. Affirmed.

Phil. M. Canale, of Memphis, Tenn., for plaintiffs in error.
Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Writs of error upon a conviction under Act March 3, 1917, c. 162, § 5, 39 Stat. 1069 (Comp. St. § 8739a)—the Reed Amendment—for transporting intoxicating liquor from Kentucky into Tennessee.

[1] Aside from any "confession," there was sufficient evidence from which the jury might find that the offense had been committed, as well as that the liquor was not for one of the excepted purposes. Verdicts may rest upon rightful inference, as well as upon direct testimony. Laughter v. United States (C. C. A. 6) 259 Fed. 94, —— C. C. A. ——, opinion filed January 17, 1919.

[2] It does not follow from anything held in McKnight v. United States (C. C. A. 6) 115 Fed. 972, 982, 54 C. C. A. 358, that it is necessarily error to instruct the jury in the language of the statute (U. S. Comp. St. 1916, § 1465) that defendant's failure to testify creates no presumption against him. Hanish v. United States (C. C. A. 7) 227 Fed. 584, 586, 142 C. C. A. 216; Stout v. United States (C. C. A. 8) 227 Fed. 799, 803, 142 C. C. A. 323.

[3] The additional remarks of the court to the jury, to the effect that the situation created by the government's proofs remained "unexplained," as such remarks would naturally be applied to the facts of this case, and as they were interpreted by the response of the court when his attention was called thereto, did not constitute that "comment" condemned in Wilson v. United States, 149 U. S. 60, 13 Sup. Ct. 765, 37 L. Ed. 650. See Stout v. United States, supra, 227 Fed. at page 804, 142 C. C. A. 323, and Shea v. United States (C. C. A. 6) 251 Fed. 440, 445, 163 C. C. A. 458.

The proof that the officers were waiting at the point where the arrest was made, because they had been told that liquor was to be brought in by some one, does not impress us as an attempt to prove the guilt of these defendants by hearsay testimony, within the principle of Biandi v. United States (C. C. A. 6) 259 Fed. 93, —— C. C. A. ——, opinion filed February 5, 1919.

The judgment in each case is affirmed.