### JOHNSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 6, 1922.)

No. 3658.

Criminal law ⬅1169(5)—Admission of evidence held not reversible error.

In a prosecution for operating an illicit still, admission, over objection, of testimony of a prohibition agent, who was hidden near when defendants approached the still, that defendants were the persons he expected there, *held* not reversible error, where the jury were instructed not to consider such testimony as evidence of defendants' guilt.

In Error to the District Court for the Western District of Tennessee; J. W. Ross, Judge.

Criminal prosecution by the United States against Lloyd Johnson and Clabern Stephens. Judgment of conviction, and defendants bring error. Affirmed.

T. A. Lancaster, of Lexington, Tenn. (T. A. Lancaster, of Lexington, Tenn., on the brief), for plaintiffs in error.

S. E. Murray, U. S. Atty., of Memphis, Tenn. (Thos. J. Walsh, Asst. U. S. Atty., of Memphis, Tenn., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. The plaintiffs in error were indicted and convicted for possessing a still and operating it in the manufacture of whisky, all in violation of the National Prohibition Act (41 Stat. 305). Two grounds are urged for reversal:

The first is that incompetent testimony was received. The prohibition officers were in hiding near the still in the early morning when the defendants appeared. The controversy of fact was whether the

defendants had been operating the still previously, and came there that morning to resume operations, or whether' they were ignorant of its existence before that time and only chanced then to come upon it. One of the officers who was testifying was asked, "Who had you been expecting there?" After an objection was made and overruled, and exception taken, the witness answered and named the defendants. The record continues:

"The court then instructed the jury that this question could not be considered by them as evidence of guilt of the defendants, but as showing the motive of the officers in going there."

If this had been direct testimony that the officers had been told that the defendants were operating the still, it would have been plainly hearsay testimony, and its admission would have been error, and perhaps prejudicial enough to require a new trial. Biandi v. U. S. (C. C. A. 6) 259 Fed. 93, 170 C. C. A. 161. It was not directly to that effect, although it may have carried that implication. The expectation of the officers might have been based upon facts which would have been admissible, if fully developed. In this situation, and in view of the immediate caution given to the jury by the court, limiting the effect of the testimony, we think it must be classified with those analogous matters which are not to be wholly excluded, and which, when properly limited, are not so prejudicial as to require reversal. See our opinions in Robilio v. U. S., 259 Fed. 101, 102, 170 C. C. A. 169; Kiersky v. U. S., 263 Fed. 684, 686.

The second ground urged is the denial of the motion for an instructed verdict, which motion was based on the theory that the evidence, taken all together, did not give the jury the necessary legal basis for conviction. We think the case was properly one for the jury to decide, and that there was substantial evidence to support the verdict, within the proper definition of that phrase as rightly applied in a criminal case. It was the theory of the defendants that they had no knowledge of the still until they happened upon it, and that everything they had done until their arrest was only by way of investigation resulting from a natural curiosity. The conversation between them, overheard by the officers, was to that effect. They expressed to one another surprise at finding it, wonder as to what it was, and queries as to whether the necessary appurtenances were near by. If this were the whole situation, it would not indicate guilt; but the officers further testified that the path upon which the defendants came led to the still and stopped there; that one of the defendants, after their mutual surprise had been expressed, said that there was no one around, and gave the other some instructions which were not distinctly heard by the witness; and that the circumstances indicated that they had brought with them their luncheon for an all-day stay. Their explanation that they had come to look at fish lines in the river near by did not fully explain their conduct.

The jury, drawn from that part of the state, saw both the respondents, heard their testimony positively denying all connection with the still, and evidently did not believe them. It was not at all beyond the

jury's rightful power for it to conclude that the defendants knew that their chief danger of discovery lay in the concealed presence of some one who had come in during the night, and that what they said to each other was their regular morning program for establishing a defense, if, in fact, they were under observation.

The conviction and the sentence are affirmed.