### FASSOLLA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 11, 1922.)

No. 3888.

Intoxicating liquors ⬥⟹236(6½, 9, 11)—Evidence held to sustain conviction on three counts; "common nuisance."

Evidence that defendant made a sale of liquor for beverage purposes on his premises, and that he had a quantity thereon, *held* sufficient to sustain a conviction on three counts charging respectively unlawful sale, unlawful possession, and maintaining a "common nuisance."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Common Nuisance.]

In Error to the District Court of the United States for the Southern Division of the Southern District of California.

Criminal prosecution by the United States against Louis Fassolla, charged as Louis Fosella. Judgment of conviction, and defendant brings error. Affirmed.

Leo V. Youngworth and Harry J. McClean, both of Los Angeles, Cal., for plaintiff in error.

Joseph C. Burke, U. S. Atty., and M. E. Meader, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted on three counts of an information which charged him, first, with an unlawful sale of intoxicating liquor to a designated person; second, that he knowingly, willfully, and unlawfully had in his possession certain intoxicating liquor, which was described, in violation of section 3, tit. 2, of the National Prohibition Act (41 Stat. 305); and, third, that he did knowingly, willfully, and unlawfully maintain a common nuisance, a room and building where intoxicating liquor for beverage purposes was manufactured, kept, sold and bartered, in violation of section 21, tit. 2, of the National Prohibition Act, all of which offenses were alleged to have been committed on November 5, 1921. No exception was taken to the instructions to the jury, and no request was made for instructions, or for a directed verdict, in favor of the plaintiff in error.

It is contended that the evidence was insufficient to support the verdict and sentence, in that it showed but a single unlawful act, and that it was insufficient to support a verdict of guilty on more than one of the three counts as laid in the information. There was evidence, to

---

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which no objection was interposed, that police officers on the day named in the information arrested a man who had just purchased liquor at the house of the plaintiff in error, and who gave to the officers the password which would enable them to buy liquor there, and that thereupon one of the officers went to the front door of the premises, gave the password, and purchased a half gallon of wine, for which he paid $3, and that later the officers entered the premises, served a search warrant on the plaintiff in error, and on searching the premises found and seized a quantity of intoxicating liquor, consisting of a number of bottles and several demijohns containing various quantities of wine from one gallon to three or four. The plaintiff in error testified that he made the wine in September, 1920; that he made 50 gallons.

The evidence amply sustained the charge of unlawfully selling intoxicating liquor. It also tended to show the unlawful possession of intoxicating liquor, for according to the testimony of the plaintiff in error the wine was unlawfully manufactured. Section 33, tit. 2, of the Prohibition Act provides:

"After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor, shall be prima facie evidence that such liquor is kept for * * * being sold * * * or otherwise disposed of in violation of the provisions of this title."

As to the third count it was not necessary that a series of sales be established in order to constitute the offense of maintaining a common nuisance. Feigin v. U. S. (C. C. A.) 279 Fed. 107; Lewinsohn v. U. S. (C. C. A.) 278 Fed. 421; Strada v. U. S. (C. C. A.) 281 Fed. 143. The plaintiff in error relies on the fact that the liquor was manufactured and kept at his dwelling place, and not at a place of business; but by selling it he made it a place of business, and by keeping it there for sale he made his residence a common nuisance, within the provisions of the Prohibition Act, and his possession of the liquor was unlawful. The decision of this court in Page v. U. S., 278 Fed. 41, meets and answers the contention of plaintiff in error that the provision of the National Prohibition Act which declares the act of possession of intoxicating liquors a crime is illegal and unconstitutional.

The judgment is affirmed.