# KOLP v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 2, 1924.)

No. 4106.

**1. Criminal law ⊝⟶419, 420(3)—Admission of irrelevant testimony held prejudicial error.**

In a prosecution for illegal sale of liquor, admission in chief of evidence that prohibition agents had been told that they could buy whisky at defendant's place, which was not only irrelevant, but highly prejudicial, *held* error.

**2. Criminal law ⊝⟶814(1)—Instruction on irrelevant issue held error.**

Instructing the jury on an issue which was not in the case, and especially in response to a request of the jury for instruction on the subject, *held* error.

**3. Criminal law ⊝⟶762(1)—Statement of opinion by judge held prejudicial error.**

Any opinion on the facts stated by the judge in his charge should be based on something more than mere impressions and a statement of what he was "inclined to believe," when there was no evidence in the case on which to base such belief, was more in the nature of argument or advocacy than is permissible.

**4. Criminal law ⊝⟶711—Limitation of ten minutes for argument held not reasonable.**

A limitation to 10 minutes for argument in a criminal case, over objection, cannot be deemed reasonable.

In Error to the District Court of the United States for the Western Division of the Western District of Tennessee; J. W. Ross, Judge.

Criminal prosecution by the United States against George Kolp. Judgment of conviction, and defendant brings error. Reversed.

Jere Horne, of Memphis, Tenn. (H. T. Holman, of Memphis, Tenn., on the brief), for plaintiff in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray and A. A. Hornsby, Asst. U. S. Attys., both of Memphis, Tenn., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. The question of guilt or innocence on a charge involving a single sale of one-half pint of moonshine whisky to prohibition officers turned entirely upon the credibility of the witnesses. A delivery of the whisky by a young negro lad, and handling of money in connection therewith by defendant, were established. The conflict was as to whether the lad was in defendant's employ, acted as defendant's agent, went to defendant's house and got whisky belonging to defendant, or whether the lad was employed by a bootlegger who happened to be at defendant's slaughterhouse delivering some cattle sold to him, heard the officer ask defendant for whisky, volunteered to get it, got it from the bootlegger, and merely received the price, 75 cents, from defendant; the latter's connection being solely as one who, at the officer's request, changed a $1 bill, giving the lad the 75 cents and the officer the 25 cents. Defendant's version was supported by a number of witnesses, largely his employés or friends. Two of the four officers named in the indictment as purchasers testified for the government. The negro lad was not produced. Defendant and his witnesses testified that they did not know him or his or the bootlegger's name.

[1] While, on cross-examination of the first witness, defendant's counsel stated, in answer to the court's inquiry, that he relied upon the defense of entrapment, in fact the defense was a complete denial of any participation in the sale. In so far as counsel's statement caused the court to admit evidence which would have been admissible only if entrapment were in the case, error cannot be assigned; but such evidence, alleged statements by several people to the government officers that the latter could buy whisky at defendant's place, was admitted over objection in the very beginning of the examination of the first witness. True, the court stated at the time that it was admitted solely to show why the officers went to defendant's place and for no other purpose; but, when this highly prejudicial statement was received, it was entirely immaterial why the officers went there. See Biandi v. U. S., 259 F. 93, 170 C. C. A. 161. In the recited circumstances, this error alone probably would not justify a reversal, even though the court, in charging the jury, failed to repeat this restricted purpose of the admissibility of this testimony, if the charge to the jury had both clearly defined the issues and clearly left them to the jury's unbiased determination.

[2] No claim was made by the government that defendant could be dealt with as one aiding and abetting the lad, if the latter was not defendant's agent; indeed, the court expressly stated that the government did not so contend. In these circumstances, it could not aid in clarifying the issues to precede this statement with the irrelevant charge that, "if he knew the negro was engaged in selling the whisky, and for the purpose of helping the negro he did what the government witnesses contend, he would then likewise be guilty." And when the

jury later asked for additional instructions "on what constitutes aiding and abetting as applied to the case," the court, instead of remedying the original error by telling them that "aiding and abetting" was not in the case as charged, testified to or contended for by the government, gave elaborate instructions and illustrations on this subject, this time, however, without repeating that on the evidence the issue was simply whether the defendant, through the negro lad as agent or servant, made the sale, or whether the lad made it independently of defendant.

[3] Furthermore, the discussion of the law of entrapment seems to be likewise irrelevant. Especially when the answer to the vital issue in the case as between conflicting testimony is dependent upon the relative credibility of the witnesses for the government and the defense, it is of the utmost importance that the trial judge, in the impartial performance of his duties, if he feels called upon to give his own opinion thereon, should be the more careful to make the jury feel that upon them, and not upon him, is imposed the burden of this determination. Any opinion that he may express should be based upon more than mere impressions. To state that "personally I am inclined to believe practically all of them (defendant's witnesses) were engaged in the business out there," when there was no evidence in the case on which to base such a belief, is an invitation to the jury likewise to base their conclusions, not upon the testimony, or the witnesses' appearance and manner of testifying, or their apparent interest or bias, but upon impressions and surmises. In this and other respects the charge appears to us to have more of the aspect of argument and advocacy than is permissible. Wallace v. U. S. (C. C. A.) 291 F. 972; Parker v. U. S. (C. C. A.) 2 F.(2d) 710, decided this day.

[4] While promptness and speed in trial work are highly commendable, we cannot believe that a limitation of 10 minutes for argument, as originally allowed, could over objection be deemed reasonable. York v. U. S. (C. C. A.) 299 F. 778; Parker v. U. S., supra. No objection, however, was made to an extension of but five minutes more.

A careful review of the record satisfies us that the interests of justice will best be served by deeming the errors specified sufficiently important to require a reversal of the judgment and the grant of a new trial.