## HERMANSKY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.
July 24, 1925.)

No. 6863.

**1. Criminal law ⚖=1129(1)—Improper to assign useless assignments of error.**

It is improper to assign useless assignments of error, because such practice tends to mere confusion of the record.

**2. Intoxicating liquors ⚖=154(1)—Government permit to accused as druggist did not protect him in sales for beverage purposes.**

A government permit, issued to accused as a druggist, to use alcohol for nonbeverage purposes in the making of certain preparations unfit for beverage purposes, did not protect him in the sales of alcohol for beverage purposes.

**3. Intoxicating liquors ⚖=236(9) — Evidence held sufficient to justify conviction on count charging maintenance of liquor nuisance.**

Evidence of two sales of liquor at accused's drug store within a few days of each other, and of the finding of 2½ gallons of alcohol in the drug store, *held* sufficient to justify conviction

on count charging maintenance of nuisance by keeping place where intoxicating liquor for beverage purposes was kept for sale and sold.

**4. Criminal law ⚖️419, 420(3), 1186(4)—Reception of testimony of prohibition agent as to why he sent two individuals to accused's drug store held error, but not prejudicial.**

In prosecution for selling liquor and for maintaining a nuisance, testimony of prohibition director, in response to question why he had sent two witnesses to accused's drug store, that he had many complaints of "bootlegging up there in that store," was erroneously admitted, as being irrebuttable hearsay and incompetent evidence, but its admission *held* not prejudicial error, within Judicial Code, § 269 (Comp. St. § 1246).

**5. Criminal law ⚖️561(3)—Evidence of good character may raise reasonable doubt in minds of jury as to defendant's guilt.**

While good character is not a defense, evidence of good character may raise a reasonable doubt in the minds of the jury as to a defendant's guilt.

**6. Criminal law ⚖️1038(3), 1056(1)—Failure to request instruction, or except to failure to give it, held to preclude accused from complaining of absence of such instruction.**

Failure of accused to request an instruction with reference to the testimony of character witnesses, produced by accused, or to except to failure to instruct on that subject, *held* to preclude accused from complaining of absence of such instruction.

**7. Criminal law ⚖️786(6), 1186(4) — Instruction that accused's defense fails if jury finds accused testified falsely held reversible error, when considered in connection with other errors occurring.**

In a liquor prosecution, where, in addition to testimony of accused, there was testimony from other witnesses, and evidence of character of accused, from which a jury might have had a reasonable doubt as to accused's guilt, instruction that, "if you find that the defendant testified falsely, his whole defense fails, because his case rests upon his testimony," *held* error and prejudicial, within Judicial Code, § 269 (Comp. St. § 1246), when considered in connection with other errors, as eliminating a consideration of all other testimony in case favorable to accused, if jury believed he had testified falsely.

In Error to the District Court of the United States for the District of Nebraska; John F. McGee, Judge.

Emil J. Hermansky was convicted of a violation of the National Prohibition Act, and he brings error. Reversed and remanded.

Albert W. Jefferis, of Omaha, Neb. (Joseph T. Votava and George M. Tunison, both of Omaha, Neb., on the brief), for plaintiff in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty.,

Andrew C. Scott, Asst. U. S. Atty., both of Omaha, Neb., and Ambrose C. Epperson, Asst. U. S. Atty., of Hastings, Neb., on the brief), for the United States.

Before KENYON and BOOTH, Circuit Judges, and AMIDON, District Judge.

KENYON, Circuit Judge. Plaintiff in error was convicted in the United States District Court for the District of Nebraska on the first and third counts of an information charging violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The first charged an illegal sale of intoxicating liquor; the third, maintaining a nuisance by keeping a place where intoxicating liquor fit for beverage purposes was kept for sale and sold. Plaintiff in error (hereafter designated defendant) was a druggist. He had a government permit to use alcohol for nonbeverage purposes in the making of U. S. P. and N. F. preparations unfit for use for beverage purposes. The facts show that on May 17, 1924, one witness purchased two pints of alcohol from the defendant at his place of business. On May 20, 1924, the witness again purchased two pints of alcohol from defendant. After the second purchase, witness Samardick, who was the federal prohibition agent, went into the store and found 2½ gallons of alcohol. There was some contest in the trial over the nature of the alcohol. Evidence was introduced of defendant's good reputation and character.

[1] The amended assignment of errors covers 69 specific assignments and occupies 26 printed pages in the record. We have heretofore referred to and condemned the practice of useless assignment of errors. There is no magic in the number of errors that may be assigned, nor is it any particular evidence of legal acumen. It tends to mere confusion in the record. Chesapeake & Delaware Canal Co. v. United States, 250 U. S. 123, 39 S. Ct. 407, 63 L. Ed. 889; Clark v. United States, 258 F. 437, 169 C. C. A. 453; Pulver v. Union Inv. Co. (C. C. A.) 279 F. 699. Out of the entire 69 assignments of error, only 6 are argued. We consider them in the inverse order of their importance.

[2, 3] Assignment of error No. 5 is that the evidence adduced in support of count 3 of the indictment is insufficient to prove the guilt of defendant thereof beyond a reasonable doubt. The evidence shows a sale on May 17th and another on May 20th. These are the only sales shown, but the record contains other evidence from which a jury

could well find that the defendant was conducting a place where liquor was commonly kept for sale, and sold. The testimony discloses that the witness purchased alcohol from defendant at his drug store as freely as he could purchase any other article; that considerable quantities of alcohol were found in the drug store at the time of the seizure. While defendant had a permit, it did not protect him in sales for beverage purposes. The courts have sustained conviction for a common nuisance under the National Prohibition Act, where only one sale has been proven, other essentials appearing, such as liquor being on hand in considerable quantity at the place concerning which complaint was made.

The case of Barker v. United States (C. C. A.) 289 F. 249, cited by defendant on this question, is really an authority for the government's position. The court says (page 251) that "evidence of a single sale in a place, from which the circumstances tend to show habitual violation, is enough to bring the prosecution within the terms of the nuisance section." The case of Muncy v. United States (C. C. A.) 289 F. 780, also cited by defendant, is the case of a single sale on the premises of a laboring woman; nothing else being shown in the case. The court says this is not sufficient to sustain the charge of maintaining a nuisance. Such, however, is not the situation here. As to whether the facts show a common nuisance, each case must be judged by the testimony therein adduced. Here was evidence of two sales, together with other circumstances, amply justifying conviction under the nuisance charge. United States v. Eilert Brewing & Beverage Co. (D. C.) 278 F. 659; Fassolla v. United States (C. C. A.) 285 F. 378; Young v. United States (C. C. A.) 272 F. 967; Singer v. United States (C. C. A.) 288 F. 695.

[4] Assignment of error No. 44 relates to the admission of certain evidence. When the witness Samardick was on the stand, he was asked why he sent Agents Gewinner and Engle to the drug store of defendant. Objection was made to this, but overruled, and this answer given: "A. I had many complaints of bootlegging, up there in that store, previous to May 20, 1924, and I sent Gewinner and Engle there," etc. Objection was made to the question, and exception noted. The admission of this evidence, we think, was error. It is hearsay and incompetent, and doubtless there is a certain amount of prejudice arising therefrom. Kolp v. United States (C. C. A.) 2 F. (2d)

953; Biandi v. United States, 259 F. 93, 170 C. C. A. 161.

The government contends as to this evidence that there was no error, because the reputation of the place where the nuisance is alleged to exist would be competent and material, and further that under section 269 of the Judicial Code (Comp. St. § 1246) the error, if such, would not be a reversible one. While it is generally held that evidence of the reputation of a place where a person is charged with maintaining a liquor nuisance may be introduced, we do not think that meets the objection here. The defendant, if such evidence were introduced, could rebut the same with other evidence. This hearsay statement, objected to, in no way can be rebutted. The damage is done. Sometimes questions of this nature drop into a case on cross-examination rather inadvertently, as possibly was the situation here, and the court can easily take care of it in his instructions. That was not done, however. While we consider the introduction of this evidence as error, we would not deem it sufficient, standing alone, to require a reversal. Trope v. United States (C. C. A.) 276 F. 348; Hall v. United States (C. C. A.) 277 F. 19; Rich v. United States (C. C. A.) 271 F. 566; Horning v. District of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185.

[5, 6] It is insisted under assignments of error 25 and 26 that the court erred in not instructing the jury with reference to the testimony of the character witnesses produced by the defendant. Good character is not a defense, but evidence of good character may raise a reasonable doubt in the minds of the jury as to a defendant's guilt. The court should have instructed on this question, and doubtless, if defendant had asked for such instruction, the court would have given the same. Defendant, however, did not ask such instruction, nor did he except to the failure of the court to instruct thereon. Not having done so, he is not in a position now to raise the question

[7] We, however, consider this assignment of error as bearing on the next one discussed, viz. assignment of error No. 63: "The court erred in giving to the jury the following instruction: 'If you find that the defendant testified falsely his whole defense fails, because his case rests upon his testimony.'" We consider the question raised by this assignment the most serious in the case. Little is said about it in the printed brief. It was, however, fully presented in oral argument before the court. In view of

the fact that no instruction was given by the court on the question of the evidence as to the good character of defendant, it would seem that this instruction singles out the defendant's case for destruction, if the jury finds that defendant testified falsely. The court says defendant's case rests upon his testimony. There was testimony in the case from witnesses other than the defendant. There was evidence of his good character, from which a jury might have had a reasonable doubt as to his guilt. This is all destroyed by this instruction of the court.

It might be entirely possible in a criminal case that, even though a defendant testified falsely, the balance of the evidence would create in the minds of the jury a reasonable doubt of his guilt. This instruction eliminated consideration of all other testimony in the case favorable to defendant, if the jury believed he had testified falsely. While, under amended section 269, a case will not be reversed for technical errors, which do not affect the substantial rights of defendant, and while each particular error herein referred to may not in itself affect such rights, yet we feel that, when these various errors are considered together, it leads to the inevitable conclusion that defendant did not receive that fair and impartial trial to which he is entitled under the law.

In view of our conclusion on the main question involved, it is unnecessary to discuss assignment of error No. 69 with reference to the sentences imposed in the two counts. The late cases of Daugherty v. United States (C. C. A.) 2 F.(2d) 691, and Sellers v. United States (C. C. A.) 4 F.(2d) 884, opinion filed March 27, 1925, clearly state the rule in this circuit.

The case is reversed and remanded.