PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN RODRÍGUEZ, Defendant and Appellant.

No. 2738.    Argued May 26, 1926.—Decided July 20, 1926.

*Antonio Reyes Delgado* for the appellant.    *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint charged the defendant with having a certain number of bottles or flasks containing rum, an intoxicating liquor, etc., without having the bottles or flasks marked with labels showing the name, address, and number of the license of the dispenser (*remitente*) or of the possessor and that the liquor was seized at the moment when it was being delivered to Gervacio Ortiz.

From the manner in which the complaint was worded we rather thought that the gravamen of the charge was the failure to attach certain labels or to possess liquor without such labels.    We are unaware at this moment of the provisions of the National Prohibition Laws which require labels to be attached, but we have some idea that facts should have been alleged that made it appear how and why it was

the duty of this particular appellant to attach such labels. Ordinarily it should appear that the defendant was a manufacturer or a merchant or some one else in business who was required to mark or brand his liquor. A private person is not, so far as we know, required to mark liquor in his possession.

The *Fiscal* of this court, however, apparently maintains that the prosecution here is for the sale of liquors. The complaint does not set up such a fact. That liquor was delivered to Gervacio Ortiz is the sole averment and that averment lacks a number of the elements of a sale. A sale, roughly speaking, is a contract between two parties where the ownership of a thing is transferred on the payment of a price. Delivery is not even essential to a valid sale. We find the complaint totally defective in charging a sale. *Fassolla* v. *U. S.*, 285 Fed. 378, cited by the *Fiscal,* was a case where the defendant was convicted after an information in four counts specifically charging an unlawful sale. That a sale may be legal is a conclusion likewise not denied by the complaint.

Perhaps if the charge had been clear the evidence might have sustained the complaint. The defendant owner of a small hotel (*fonda*) had an employee, Juan González, who sold a certain quantity of intoxicating liquor to a customer. However, we draw attention to the fact that the possession of the employee is not necessarily the possession of the employer.

Section 33, Title II of the Prohibition Act provides:

"After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner within ten days after the date when the eighteenth amendment of the Constitution of the United States goes into effect,

the kind and amount of intoxicating liquors in his possession. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

■ We think that this section, as it shifts the burden of proof, makes it even more imperative that a defendant should know that he is charged with a sale or exchange or what not. This presumption is a rule of evidence merely and does not dispense with the necessity of a specific charge.

The judgment must be reversed and the defendant discharged.