EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
JUAN RODRÍGUEZ, acusado y apelante.

No. 2738.—*Visto:* Mayo 26, 1926. *Resuelto:* Julio 20, 1926.

1. BEBIDAS EMBRIAGANTES—DELITOS—POSESIÓN DE LICORES—LICOR SIN MARCAR
O ROTULAR.—A una persona particular no se le exige que marque el licor
que posee.
2. BEBIDAS EMBRIAGANTES—PROCESOS CRIMINALES—DE LA DENUNCIA—VENTA DE
LICORES—ALEGACIÓN INSUFICIENTE PARA IMPUTAR LA VENTA.—En denuncia
por infracción a la Ley Nacional de Prohibición, la alegación de que el licor
del acusado fué ocupado en los momentos en que se entregaba el mismo a
otra persona es insuficiente para imputar el delito de venta de licores.
3. BEBIDAS EMBRIAGANTES—PROCESOS CRIMINALES—DE LA DENUNCIA—REQUISITOS
DE LA MISMA—NECESIDAD DE QUE SE ALEGUE ESPECÍFICAMENTE EL DELITO EN
ELLA.—La presunción establecida por la sección 33, título II de la Ley
Nacional de Prohibición es solamente una regla de evidencia, y no excusa
de la necesidad de que se alegue específicamente el delito en la denuncia.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), condenando al acusado
por una infracción al Título II, sección 3 de la Ley de Prohibi-
ción Nacional. *Revocada* y absuelto el acusado.

*Antonio Reyes Delgado,* abogado del apelante; *José E. Figueras,*
abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

La denuncia imputa a este acusado tener en su posesión
cierto número de botellas o envases conteniendo ron, que es
una bebida embriagante, etc., sin que dichas botellas o en-
vases tuvieran adheridas etiquetas mostrando el nombre y
dirección y el número de la licencia del remitente o poseedor
y que el licor fué ocupado en los momentos en que se entre-
gaba el mismo a Gervasio Ortiz.

[1] Por la forma en que la denuncia está redactada, creí-
mos más bien que el fundamento del delito era la falta de
adherir ciertas etiquetas o de poseer licor sin tener dichas
etiquetas adheridas. Ignoramos en este momento qué dispo-
siciones de la Ley Nacional de Prohibición requieren que se
adhieran etiquetas, pero tenemos idea de que se debieron ale-
gar hechos que hicieran constar claramente cómo y por qué
era el deber del apelante adherir tales etiquetas. Regular-

mente debe hacerse constar que el acusado es un fabricante, o comerciante o persona que se dedica a algún negocio y que debe marcar o adherirle etiquetas al licor. Según entendemos, a una persona particular no se le exige que marque el licor que posee.

[2] Sin embargo, el fiscal de esta corte, aparentemente sostiene que el delito imputado en esta denuncia es la venta de licores. La denuncia no alega tal hecho. Que el licor fué entregado a Gervasio Ortiz es la única alegación hecha y a esa alegación le faltan varios de los requisitos de una venta. Una venta, hablando generalmente, es un contrato entre dos personas en virtud del cual se transfiere la propiedad de una cosa mediante el pago de cierto precio. La entrega no es un requisito indispensable para que una venta sea válida. Hallamos que la denuncia es enteramente defectuosa al imputar una venta. *Fassolla* v. *U.S.*, 285 Fed. 378, citado por el fiscal, fué un caso en que se declaró culpable al acusado en virtud de una acusación con cuatro narraciones (*counts*), imputando específicamente una venta ilegal. Que la venta pudo ser legal es una conclusión no negada por la denuncia.

Tal vez si se hubiese imputado el delito claramente la prueba hubiera sostenido la denuncia. El acusado, que era dueño de una fonda, tenía un empleado llamado Juan González que vendió cierta cantidad de bebida embriagante a un cliente. Sin embargo, llamamos la atención al hecho de que la posesión por parte del empleado no es necesariamente la posesión del dueño.

[3, 4] La sección 33, título II, de la Ley Nacional de Prohibición dice así:

"Después de febrero 1 de 1920, la posesión de licores por cualquier persona que no sea legalmente permitida por este título para tenerlos, será evidencia *prima facie* de que dicho licor es tenido con el fin de venderlo, negociarlo, cangearlo, darlo, suministrarlo, o disponer de él de otra suerte, en violación de las disposiciones de este título. Toda persona a quien legalmente se permita bajo este título tener licor, dará cuenta al Comisionado dentro de diez días

después de la fecha en que entre en vigor la Enmienda 18 a la Constitución de los Estados Unidos, de la clase y cantidad de licores embriagantes que tenga en su poder. Pero no será ilegal que una persona posea licor en su domicilio particular, mientras ese domicilio se ocupa y se usa por dicha persona como tal domicilio particular solamente y de ese licor no tendrá que darse cuenta, siempre que ese licor sea para ser usado solamente para el consumo personal del dueño del mismo y de su familia, que vive en dicho domicilio y de sus huéspedes *bona fide* cuando estén de visita en su casa; y el peso de la prueba descansará sobre el poseedor en cualquier acción que se relacione con dichos licores y él tendrá que probar que dichos licores fueron legalmente adquiridos, poseídos y usados.''

Creemos que esta sección, en vista de que el peso de la prueba recae sobre el acusado, hace más imperativo que el acusado sepa que se le imputa una venta o una permuta, o de qué se le acusa. Esta presunción es solamente una regla de evidencia y no excusa de la necesidad de que se alegue específicamente el delito.

*La sentencia apelada debe ser revocada y absolverse al acusado.*