## MATTSON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit August 12, 1925.)

No. 6564.

**Criminal law ⬤⇒419, 420(3)—Testimony as to complaints received by federal agent held inadmissible hearsay.**

In prosecution for unlawful sale and possession of intoxicating liquor, testimony by federal agent as to complaints which had been received by him, and which led to his visit to defendant's premises, *held* hearsay improperly admitted.

In Error to the District Court of the United States for the District of Minnesota; William A. Cant, Judge.

Mary Mattson was convicted of unlawful possession and sale of intoxicating liquor, and she brings error. Reversed and remanded.

Victor Essling, of Eveleth, Minn., and Leonard McHugh and M. T. O'Donnell, both of Duluth, Minn., for plaintiff in error.

Lafayette French, Jr., U. S. Atty., of St. Paul, Minn.

Before SANBORN, LEWIS, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge. The defendant below, Mary Mattson, was tried and convicted under an information which, in its first count, charged her with unlawful possession on August 2, 1922, of intoxicating liquor at a residence in Fayal township in the county of St. Louis, Minn., and, in the second count, with the unlawful sale of intoxicating liquor at the same place on July 26, 1922.

At the commencement of the trial, counsel for the defendant called the attention of the court to the fact that two separate offenses alleged to have been committed at different times were charged, made a motion that the two charges be tried separately, and that motion was denied. The United States then called as a witness on its behalf Mr. Vittala, who testified that he was a federal prohibition agent; that the place described in the information was a residence; that he could not prove that it was used for any other purpose than a residence; that it was farm property; that there was a barn or shed and another building besides the house on the place; and that, on July 26, 1922, he called at the house and bought of the defendant and paid her $1 for a bottle of moonshine whisky. On cross-examination by defendant's counsel, he testified that he went to the defendant's place as a government officer; that he used his own money, but the government reimburses him for the money that he spends in buying evidence; that he went there to get evidence in his work; and that, of course, he did not inform the defendant of that fact. He testified to nothing else on his cross-examination. Thereupon, over the objection and exception of counsel for the defendant that the following testimony was hearsay and in-

competent, Vittala testified on redirect examination by counsel for the government as follows:

"Q. How did you happen to go down there to this Mattson place? A. Well, there was so many complaints about that place that she was selling liquor.

"Q. And that is the reason why you went down there? A. Yes, sir.

"Q. It had reached you as a federal prohibition agent that liquor had been sold at that place? A. Yes, sir.

"Q. Had you had more than one complaint? A. Well, we had three or four of them. * * *

"Q. When did those complaints come in with reference to the time that you went down there? * ╵ * A. Well, the last one just a day or two before I was over there—I got a card—

"Q. Never mind about that.

"The Court: Yes.

"Q. But you received a complaint a day or two before you went down there to attempt to make this buy? A. Yes, sir."

When this evidence was received there had been no testimony that the residence where Vittala testified he bought this liquor was used as a place of keeping or selling intoxicating liquor. On the other hand, in response to direct questions of counsel for the government, Vittala had testified on his direct examination as follows:

"Q. Now, what is this property that has been described, it is known as what? What is the character of the property? What is it? A. Well, it is a residence.

"Q. How far from the road is this residence? A. Well, it is about 200 feet from the road.

"Q. Is this property being used for any other purpose than residential purposes? A. No; not that I can prove.

"Q. Well, I am not exactly familiar with the place. It isn't what is known then as a road house? A. Well, that is what they claim it is.

"Mr. Essling (for the defendant): If the court please, I object to testimony of that kind, and move that it be stricken as hearsay.

"The Court: The statement of what they claim it is may be stricken.

"Mr. French (for the government): I think it should be.

"Q. In other words, is there any advertising on the outside that would advertise anything for sale within, lunches, meals, or anything of that sort? A. No, sir."

There were two clear and simple issues on trial together in this case: First, did the defendant sell Mr. Vittala a bottle of moonshine whisky at her residence on July 26, 1922? Second, did she have unlawful possession of intoxicating liquor at her residence on August 2, 1922? The testimony of Mr. Vittala on his redirect examination was clearly inadmissible and fatally prejudicial to the case of the defendant, because it was bald hearsay, or hearsay of hearsay. It was not competent evidence that the defendant had ever sold any liquor, for no witness who knew of any such sale testified or offered to testify to that fact except Mr. Vittala. It was so indefinite that it gave the defendant no chance or opportunity to refute it. It specified no person who made any of the complaints to which Vittala testified. It specified no time when, place where, or circumstances surrounding any such complaints which could give the defendant any chance or opportunity to refute or contradict, the testimony regarding such complaints, and it was not competent evidence of either of the charges contained in the information.

For this reason, the judgment below must be reversed, and the case must be remanded to the court below for a new trial, and it is so ordered.