MARSHALL STEWART v. STATE.

154 So. 322.

Opinion Filed April 16, 1934.

*Edwards & Harris,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

· BUFORD, J.—The writ of error here is to a judgment of conviction under a second count of an information, which information was as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, MANUEL M. GLOVER, County Solicitor for the County of Polk, prosecuting for the State of Florida in said County, under oath, information makes that MARSHALL STEWART of the County of Polk and State of Florida, on the 12th day of December in the year of our Lord, one thousand nine hundred and thirty-one in the County and State aforesaid did unlawfully and feloniously promote a certain lottery, which said lottery was then and there for money, and which said lottery is commonly known as bolita, a more particular description of which lottery is to the County Solicitor unknown, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida.

"Manuel M. Glover, County Solicitor for the County of Polk, further prosecuting for the State of Florida in the said County, under oath, further information makes that Marshall Stewart, of the County of Polk, and the State of Florida, on the 12th day of December, in the year of our Lord One Thousand nine hundred and thirty-one, in the County and State aforesaid, did unlawfully and feloniously have in his possession lottery balls in the lottery scheme, to-wit: lottery scheme for money, commonly known as bolita, a more particular description being to the County Solicitor unknown, contrary to the form of the statute in such cases

made and provided and against the peace and dignity of the State of Florida.

"Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Florida."

It will be observed that the information is in two paragraphs and, while the counts are not numbered, the second paragraph appears to have been intended for a second count in the information.

The verdict of the jury finding the defendant guilty under the second count of the information is in effect an acquittal under the first count.

We hold the second count of the information not sufficient to charge the offense under authority of the opinion and judgment in Angelo D'Alessandro v. State of Florida, in which opinion was filed February 27th, 1934, and is not yet published. This count of the information is subject to the same criticism which was made by Mr. Justice ELLIS of the indictment in the D'Alessandro case, *supra*.

The defect is that the second count of the information does not charge that the paraphernalia described therein as being in the possession of the defendant was evidence of any share or right in any lottery scheme or device. Nor does it allege that the defendant had such things in his possession for conducting any lottery or scheme for the disposal by lot or chance of anything of value.

In this case, as in the D'Alessandro case, *supra,* there was no evidence to show that the bolita balls found in the possession of the defendant represented a live interest in a game or lottery yet to be played. Therefore, it appears that under the holding of this Court in the D'Alessandro case, *supra,* the evidence submitted in this case was not sufficient to constitute a basis for conviction and on authority of the

opinion and judgment in that case the judgment here under review should be reversed and it is so ordered.

Reversed.

WHITFIELD and TERRELL, J. J., concur.

DAVIS, C. J. (concurring).—I think the evidence is quite sufficient to sustain a verdict of guilty. But the information on which the conviction was had being bad, the judgment must be reversed.