## SMITH v. UNITED STATES.
### No. 7305.

United States Court of Appeals for the

District of Columbia.

Argued April 17, 1939.

Decided May 29, 1939.

Motion to Modify Opinion Denied
June 9, 1939.

---

Denny Hughes, of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and William S. Tarver, Asst. U. S. Atty., both of Washington, D. C.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

PER CURIAM.

Appellant was tried and convicted under the sixth count of an indictment, charging him with the unlawful possession in the District of Columbia of "certain tickets, * * * slips, * * * and writings, used and to be used, * * * for the purpose of playing, carrying on and conducting a certain lottery, commonly known as and called the numbers game." A police officer testified that, having received information from a source believed to be reliable that "numbers" were being written in a public barber shop located at 130 G Street, N. W., he entered through an open front door and observed appellant sitting in a barber's chair with a pencil in one hand and in the other a book which he recognized as a numbers book; that appellant, when he saw the officer, endeavored to conceal the book under his leg, but he was arrested, the book seized, and found to contain undated numbers slips. Another officer testified that he noticed through an open door in the room another man sitting in an adjoining room writing down "numbers" which were being called out to him by a woman; that he arrested this man and seized a quantity of numbers slips which were lying on the table in front of him.

Three points for reversal are argued.

First. Appellant contends that the court erred in permitting the officer to testify he had received information that the place of arrest was being used for writing numbers. When objection was made to this as hearsay, the District Attorney stated that the purpose was to show probable cause for the arrest. The court thereupon told the jury that the evidence might be received for that purpose alone and not in determining the guilt or innocence of the defendant. In Mattson v. United States, 8 Cir., 7 F.2d 427, and in Biandi v. United States, 6 Cir., 259 F. 93, such evidence was held to be hearsay and inadmissible. And we said as much in Bolt v. United States, 55 App. D.C. 120, 2 F.2d 922. The rule seems to be that, while an officer may testify before a jury that, acting upon information, he did certain things, he may not go further and testify as to precisely what he was told about the particular place or the particular person. Here the testimony was that he had received information that numbers were being written in the particular barber shop. Perhaps this was going rather far, but in the circumstances of this case not so far as to constitute prejudicial error. His statement to the jury that he went there on information that it was being frequented by persons engaged in the numbers game could not have been prejudicial to appellant, in view of his other uncontradicted testimony that on arrival there he witnessed appellant in possession of and in the act of writing slips, which is an offense under the District of Columbia laws. Sec. 863(a), D.C. Code 1901, as amended, 52 Stat. 198, § 2, D.C.Code Supp. IV, 1938, T. 6, § 151a. When to this is added the fact that the court cautioned the jury not to consider the statement as affecting the guilt or innocence of the accused, it would be going very far to set aside the judgment on this account alone.

Second. Error is assigned to the action of the court in permitting the introduction in evidence of numbers slips seized in the adjoining room of the barber shop after this evidence had previously been excluded by the court.

The record shows that at the time of the arrests the police were accompanied by a deputy United States marshal who was in possession of a search warrant for the place, but that the arrests were made and the numbers slips seized before service of the warrant. When the seized articles were first offered in evidence, the

court refused to receive them. After the close of the government's case, and when the argument to the jury had begun, the judge changed his mind and allowed them to be introduced in evidence. The argument here is that, because in this case a search warrant had been previously obtained, the seizure without service of the search warrant was invalid. And, in addition to this, it is argued that, since the search warrant was not produced at the trial, the fruits of the search should have been excluded. But we think these points cannot be sustained.

The barber shop being a public place, the officers had a lawful right to enter either with or without a search warrant, see Ludwig v. United States, 7 Cir., 3 F.2d 231, and, since they observed appellant in the act of violating the law, his arrest with or without a warrant was lawful. By the same token they had a right without a warrant contemporaneously to search the place in order to find and seize the things used to carry on the unlawful enterprise. Marron v. United States, 275 U.S. 192, 199, 48 S.Ct. 74, 72 L.Ed. 231. In these circumstances, the failure of the prosecution to produce the search warrant at the trial was of no consequence. As much as this we said in Beard v. United States, 65 App.D.C. 231, 82 F.2d 837. Nor can it be correctly said that the court abused its discretion in permitting this evidence to be introduced after having once rejected it. United States v. Cornell, 25 Fed.Cas. 650, No. 14868; Lipsey v. People, 227 Ill. 364, 81 N.E. 348; Jackson v. State, 167 Ala. 44, 52 So. 835; State v. Williams, 90 Conn. 126, 96 A. 370.

Third. Error is assigned to the action of the court in permitting the introduction in evidence of *old* and *used* numbers slips. We gather from the argument of counsel that this objection is based upon the introduction of the lottery tickets found in the adjoining room, some of which were old tickets or tickets which had been issued concerning a past or expired drawing. The objection to this is that it is too remote, since appellant was not shown to have had any control of the place. The purpose of the government in introducing the evidence, presumably, was to attribute guilty knowledge to appellant of the character of the place, and this theory, if our assumption is correct, is a little difficult to follow. The statute on which the prosecution is based makes it an offense to have knowingly in one's possession any writing used, or to be used, for the purpose of playing a lottery. The uncontradicted evidence shows that appellant was in possession of a book of numbers slips which it is a matter of common knowledge in this community are the receipts given to the players of the game. He was actually in process of writing out the slips at the time of the arrest. This, unexplained, was enough to justify his conviction under the statute, and we can think of no reason for the necessity of any other or additional evidence. For this reason, we are not disposed to cavil at the admission of the evidence obtained from the adjoining room, since in our opinion it added nothing, certainly nothing prejudicial, to the eye-witness evidence, which we have held was properly admitted. And this is particularly the case since the record does not disclose anything more than the introduction of other and additional old and new lottery tickets. The bill of exceptions contains only a fragment of the court's charge to the jury. Objection and exception were taken to an instruction which told the jury that the possession of lottery slips, "old or new", is a violation of the statute. While the language of the statute is broad and speaks of any ticket "used * * * for the purpose of * * * conducting any lottery," we are not disposed to hold that a dead or expired lottery ticket would satisfy the statute. Cf. France v. United States, 164 U.S. 676, 17 S.Ct. 219, 41 L.Ed. 595; Francis v. United States, 188 U.S. 375, 23 S.Ct. 334, 47 L.Ed. 508. And see D'Alessandro v. State, 114 Fla. 70, 153 So. 95; Stewart v. State, 114 Fla. 544, 154 So. 322. But in this instance the coupling of the old with the new could not have influenced the verdict, since the evidence establishes that the tickets in appellant's possession at the time of his arrest were tickets for use in the future for the purpose of playing and conducting a lottery.

We have, therefore, a case in which the evidence unmistakably shows the violation by appellant of a statute passed by Congress with a view to the suppression of the lottery business in the District of Columbia and the lawful arrest of appellant for the commission of the crime in the view and presence of the officers. In such circumstances, we think it is our duty to affirm the judgment of conviction.

Affirmed.

On Motion of the United States for Modification of Opinion.

PER CURIAM.

The United States Attorney asks us to modify our opinion in this case, by striking therefrom the language "we are not disposed to hold that a dead or expired lottery ticket would satisfy the statute". The question to which the language was in part responsive was presented on an exception to the trial court's instruction that the possession of lottery slips "old or new" is a violation of the statute. Our decision was to indicate that, while we were not willing to approve the instruction in that language, we found it unnecessary to pass upon the whole question embraced within its limits, because the uncontradicted evidence showed the defendant's possession of new and unexpired lottery tickets, which was of itself, we thought, sufficient to sustain the conviction.

The present motion indicates a desire to have us pass upon and decide a question which we found to be unnecessary in the decision of the case. This we decline to do. When the question is properly before us, we shall rule upon it.

Motion denied.