**BRADFORD et al. v. UNITED STATES.**

No. 9853.

Circuit Court of Appeals, Fifth Circuit.

Sept. 17, 1942.

For former opinion, see 129 F.2d 274.

John R. Hunter and T. F. Hunter, both of Alexandria, La., for appellants.

Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., for appellee.

Before SIBLEY and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

■ Notwithstanding the statements in the petition for rehearing filed on behalf of appellants, this court did not hold that an inference of guilty knowledge might be drawn against W. T. Bradford because he did not testify. Such an inference is not permissible under the law. Counsel have evidently misread our opinion in this case. No man may be compelled to be a witness against himself, but sometimes in the progress of a trial the burden of going forward with the evidence may require the accused to produce testimony for himself or suffer an inference of guilt from facts already proven to be drawn against him by the jury.

This appeal was argued and submitted on April 1, 1942. Our opinion affirming the judgment of the lower court was filed on July 9, 1942. This petition for rehearing was filed on August 13, 1942. It contains no new matter; simply reargues points previously presented. Judge Foster, who concurred in the judgment of affirmance as to both appellants, died on August 23, 1942. The petition was undisposed of at the time of his death.

■ As to Ben Bradford, all of the judges concurred in the original opinion; as to W. T. Bradford, one of the judges dissented. We think the matter is controlled by our Rule 29, which provides that a petition for rehearing "will not be granted or permitted to be argued unless a judge who concurred in the judgment desires it and a majority of the court so determines."[1]

As to both appellants, the petition for a rehearing should be, and the same hereby is, denied.

SIBLEY, Circuit Judge, concurs in the denial of a rehearing under Rule 29.

---

[1] Rules of the United States Circuit Court of Appeals for the Fifth Circuit.