Charles G. SETTLES, Appellant,

and

Willie F. Whitley, Jr., Appellant,

v.

UNITED STATES, Appellee.

Nos. 87–1191, 87–1252.

District of Columbia Court of Appeals.

No. 87–1191 Argued Dec. 5, 1989.

No. 87–1252 Submitted Dec. 5, 1989.

Decided Feb. 21, 1990.

John Mott, Public Defender Service, with whom James Klein, Washington, D.C., was on the brief, for appellant, Settles.

Calvin Steinmetz, Washington, D.C., appointed by this court, was on the brief for appellant, Whitley.

Per A. Ramfjord, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, and Terence J. Keeney, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before TERRY and STEADMAN, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

Appellants were convicted of a variety of offenses arising out of the kidnapping, rape, sodomy, and robbery of the victim in 1984. On appeal this court reversed and ordered a retrial. *See Settles v. United States*, 522 A.2d 348 (D.C.1987). They were again convicted after a retrial and now contend on this appeal: (1) that the trial court committed reversible error by admitting into evidence at the retrial, over objection by appellant Settles, a copy of a page from an address book taken by police from appellant Whitley at the time of his arrest listing the nickname, address and telephone number of appellant Settles, and (2) that the evidence presented by the prosecution at the retrial was insufficient to support the conviction of appellant Whitley for sodomy of the victim.

■ As to the sufficiency of the evidence contention by Whitley, we note the testimony of the victim in the record. Under these circumstances we conclude the trial court did not err in denying the motion for judgment of acquittal since there was enough evidence from which "reasonable persons could find guilt beyond a reasonable doubt." *Grogan v. United States*, 435 A.2d 1069, 1071 (D.C.1981). Appellant Whitley under the particular circumstances here does not meet "the very stringent test" imposed for the so-called doctrine of inherent incredibility which he seeks to invoke. *See In re A.H.B.*, 491 A.2d 490, 496 n. 8 (D.C.1985).

■ As to the asserted error by the trial court in admitting into evidence against Settles a page from the address book taken by the arresting officer from the person of Whitley, appellant Settles concedes that at trial the prosecution "introduced the address book entry to prove association" between the codefendants and that "[c]ourts have ruled that evidence such as the address book entry is non-hearsay when used for this purpose." However, he argues that "statements, whether hearsay or non-

hearsay, are admissible only when the government proves authorship through testimony regarding the making of the statement. Without such proof, the evidence lacks relevance and its use is unfairly prejudicial."

Appellant cites to certain decisions by the United States Court of Appeals for the District of Columbia Circuit to support his argument: *United States v. Day*, 192 U.S. App.D.C. 252, 591 F.2d 861 (1978); *United States v. Watkins*, 171 U.S.App.D.C. 158, 519 F.2d 294 (1975); *Smith v. United States*, 70 App.D.C. 255, 105 F.2d 778 (1939) (*per curiam*). In our view, these decisions do not support appellant's argument. Rather, they either are clearly distinguishable from the instant case, *viz., Smith* and *Watkins*,[1] or support the proposition, *viz., Day, supra,* that "[w]hen statements by an out-of-court declarant which are neutral (not assertive of direct complicity in the crime) are offered to show association and not to show the truth of the matters contained therein, and the evidence is not otherwise unfairly prejudicial, the weight of decided cases allows admission." 192 U.S.App.D.C. at 274-75, 591 F.2d at 883-84 (footnote omitted). *See also United States v. Ruiz*, 477 F.2d 918, 919 (2d Cir.) (paper with name and telephone number used to prove association not truth of matter asserted properly admitted), *cert. denied*, 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973). We adopt the rule set forth in *Day*.

■ We reject the contention, based on a misreading of *Day*,[2] that the government must prove "authorship through testimony regarding the making of the statement." Proof of the authenticity of the writing need not be established by direct testimony but may be established by the nature and contents of the writing combined with the location of its discovery. *United States v. Sliker*, 751 F.2d 477, 488 (2d Cir.1984), *cert. denied*, 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985). *See also United States v. Wilson*, 532 F.2d 641, 644-45 (8th Cir.) (contents together with fact that notebooks were found at apartment where crime was committed were sufficient to establish authenticity), *cert. denied*, 429 U.S. 846, 97 S.Ct. 128, 50 L.Ed.2d 117 (1976); *United States v. Bagaric*, 706 F.2d 42, 67 (2d Cir.) (contents of letter found in defendant's home sufficient to authenticate), *cert. denied*, 464 U.S. 840, 104 S.Ct. 133, 78 L.Ed.2d 128 (1983).

Here, it was undisputed that the page containing the writing came from an address book seized from the person of the codefendant Whitley, that the address book contained names, addresses, and telephone numbers, and that this particular page contained an entry that in fact was the nickname of Settles, as well as his address and phone number. This was sufficient in our view to show that the writing was authentic.

Appellant Settles also argues "[t]he unfair prejudice resulting from the introduction of the address book entry was compounded by the prosecution's loss of the complete book. This kept the jury from seeing the entry in its proper context." The record reflects that the jury was in fact enabled at the retrial to view the address book page in context and to understand all the circumstances surrounding its admission as evidence. *See Warren v. United States*, 515 A.2d 208, 210 (D.C. 1986) (rule of completeness permits introduction of document section germane to issue). The page was admitted only after

---

1. In *Watkins, supra,* the issue was whether rent receipts could be introduced into evidence as proof that appellant had paid the rent despite the fact that such proffered evidence was deemed hearsay. 171 U.S.App.D.C. at 160-61, 519 F.2d at 296-97. In the instant case, appellant concedes that the address book admitted into evidence was not subject to the hearsay rule.

   *Smith, supra,* raised the issue of remoteness because the appellant was not shown to have any control over the challenged evidence—numbers slips found in an adjoining room. 70 App. D.C. at 257, 105 F.2d at 780.

2. In *Day, supra,* the fact that the decedent had written the note in question was treated as sufficient authentication to warrant its introduction into evidence in order to show association. However, this particular type of authentication is not a *sine qua non* in all cases. *See, e.g., Ruiz, supra,* 477 F.2d at 919 (authentication found despite absence of direct proof of authorship).

the defense conceded that it was a copy of a page from the address book found on the person of Whitley, and that it was but a single page from a book of many pages and contained a few entries out of the many contained in the book. The defense was permitted to develop for the jury the details of the loss by the police of the original address book. We are not persuaded that the trial court erred under all these circum-stances in admitting the evidence now challenged.[3]

*Affirmed.*

---

**3.** Appellant Settles also argues that the address book entry, even if probative, amounted to "undue prejudice." However, a writing which merely lists a name, address, and telephone number rather than asserts direct complicity in crime is not unduly, and hence, unfairly prejudicial. *See Day, supra,* 192 U.S.App.D.C. at 274–75, 591 F.2d at 883–84.