(37 Misc. Rep. 87.)

### PEOPLE ex rel. WILSON v. FLYNN, Warden.

(Supreme Court, Special Term, New York County. January, 1902.)

1. CONSTITUTIONAL LAW—POLICY PAPERS.
    Pen. Code, §§ 344a, 344b, providing for the punishment of a person who shall have in his possession, knowingly, any "policy papers," are constitutional.

2. HABEAS CORPUS—REVIEW.
    Where there is no issue of fact, and the jurisdiction of the committing magistrate depends on the wording of the charge in the complaint, the constitutionality of the act under which the relator is held may be raised on a writ of habeas corpus taken out by him, and an additional writ of certiorari is unnecessary.

Application by the people, on the relation of John Wilson, for writ of habeas corpus directed to William Flynn, warden of the city prison of New York. Writ denied, and stay of proceedings granted.

Cantwell & Moore, for relator.

Henry G. Gray, Asst. Dist. Atty., for respondent.

GILDERSLEEVE, J. John Wilson was charged with violating section 344a of the Penal Code, and was committed to jail by a city magistrate to answer to the court of general sessions, and bail was fixed at $1,000. The relator obtained a writ of habeas corpus. The complaint upon which the commitment was made is submitted with papers, and is worded as follows, viz.:

"Edward J. Reardon, of No. 175 East Nineteenth street, aged 23 years, occupation superintendent, being duly sworn, deposes and says that on the 18th day of December, 1901, at 4 o'clock in the afternoon, at the city of

New York, in the county of New York, at No. 11 Coenties slip, in store on ground floor, John Wilson (now here) did have in his possession a certain writing, paper, or document representing or being a record of chance, share, or interest in numbers, commonly called 'policy.' or a certain paper, print, writing, numbers, device, policy slip, or article of a kind such as is commonly used in carrying on, promotion of, or playing the game commonly called 'policy.' All of which deponent charges was a violation of the statute in such case made and provided; and deponent prays that said John Wilson may be dealt with according to law."

The relator claims that the charge did not constitute a crime, and that the magistrate was without jurisdiction to make the commitment. I think there can be no serious doubt that by habeas corpus this court is not entirely limited to a review of the regularity of the commitment, but may go back of the commitment, and inquire into the jurisdiction of the magistrate, notwithstanding the commitment appears on its face regular, where the question of jurisdiction depends upon the wording of the charge set forth in the complaint, and no controverted question of fact is presented, as in this case. If the charge above quoted did not constitute a crime, it is clear that the magistrate had no jurisdiction, and was without authority to grant the commitment in question. Section 344a of the Penal Code provides for the punishment, by imprisonment for not more than two years, and, in the discretion of the court, by a fine of not more than $1,000, of one who shall have in his possession, "knowingly," any policy papers. The charge herein, set forth above, does not state that Wilson "knowingly" had the policy papers in his possession, and, therefore, so far as section 344a alone is concerned, the charge against Wilson did not constitute a crime. The learned magistrate, however, appears to have relied upon section 344b to make up the deficiency above indicated. The last section provides that "the possession by any person other than a public officer, of any writing, paper, or document * * * commonly called 'policy' * * * is presumptive evidence of possession thereof knowingly and in violation of the provisions of section three hundred and forty-four a." The charge in this case does not state whether or not the said Wilson was a public officer, and so not within this section. However, that point is not raised here, and the presumption is that he was not a public officer. The learned counsel for the relator claims that section 344b of the Penal Code is unconstitutional and void, and therefore conferred no jurisdiction upon the magistrate. The district attorney desires to be heard on this question, but urges that the constitutionality of section 344b should be raised by a writ of certiorari. I am inclined, however, to follow the doctrine of People v. Hagan, 34 Misc. Rep. 24, 69 N. Y. Supp. 451, where Mr. Justice Scott uses these words, viz.:

"In every respect, except the actual production of the body of the prisoner, the proceedings upon a writ of certiorari are precisely the same as upon a writ of habeas corpus. * * * The writ of certiorari issued in this proceeding does not bring before the court any further or other paper or evidence, or give the court any further or other right of determination than does the writ of habeas corpus, and there is no advantage to be gained by the prisoner, or warrant to be found in the statutes for the issue of both writs simultaneously."

There are, as I have said, no controverted facts before the court, in the case at bar, and the jurisdiction and authority are alone disputed. I am of opinion that the question of the constitutionality of sections 344a and 344b of the Penal Code is clearly raised in this proceeding by the habeas corpus, without the aid of an additional writ. I have given the statute in question sufficient consideration to reach the conclusion that further argument as to its constitutionality will not at this time serve any useful purpose. Without discussing the question, I think it best to hold, pro forma, that the sections under consideration are not in contravention of the constitution of the state of New York, and that the magistrate had jurisdiction of the person of the relator and of the subject-matter, and the relator was lawfully committed. Under the circumstances, however, I consider it proper that a stay should be granted, in order that the relator may have a reasonable opportunity for the review of this decision, and that in the meantime he should remain on bail.

Ordered accordingly.