COLUMBUS (city) v RIGGLE

FITZ v COLUMBUS (city)

RICHARDSON v COLUMBUS (city)

Nos. 3352, 3353 & 3354.
Decided Sept. 9th, 1941.

Ohio Appeals, 2nd Dist.,
Franklin Co.

No. 3352. Decided Sept. 9th, 1941.

Roland G. Allen, Columbus, for plaintiff-appellee.

Charles Warfield, Columbus and Raglan Reed, Columbus, for defendant-appellant.

## OPINION

By GEIGER, PJ.

This matter is before this Court on an appeal from the judgment of the Court of Common Pleas of Franklin County, affirming the conviction of the defendant in the Municipal Court of the City of Columbus, for the violation of a certain ordinance referring to promoting schemes of chance, which provides so far as pertinent to this case that whoever promotes or is in any way concerned in a lottery or scheme of chance shall be deemed guilty of misdemeanor.

The defendant was tried upon the 16th day of October, 1940, and found guilty upon the testimony of two police officers of the City of Columbus, members of the vice squad. Upon the trial, defendant's counsel moved to dismiss, and in support of such motion cross-examined arresting officers. Counsel moved to suppress the evidence on the ground that the arrest was illegal.

The evidence tended to show that the defendant was arrested without a warrant while driving his automobile upon the streets of Columbus; that his automobile was searched without a warrant and certain papers seized. The evidence disclosed that upon instruction of their superior the two officers had been trailing for some distance the defendant who was described to them as being the "pick-up man" in what is known as the "numbers game". The defendant was driving his automobile at an unusually rapid rate of speed, and the officers did not overtake him until he stopped at the red light at the intersection of Fifth and Naghten Streets. One officer left the officers' car and approached the car of the defendant, and there discovered on the seat of the car what he recognized as the book used in the "numbers game". He thereupon got into the car and made further search and discovered under the hood of the automobile a large number of yellow slips. The yellow slip is one of the three slips that are a part of the book upon which a record is made of wagers by those engaged in the game. One of the three slips remains attached in the book, one copy is given to the wagor, and one is retained by the person through whom the wager is made. It is the duty of the "pick-up man" to collect the yellow slips and turn them into the "house", which is headquarters of the operator.

After being cross-examined, arresting officers testified on behalf of the State, and in such testimony described quite fully the operation of the "numbers game". It is not necessary to go into detail on this matter, except to say that the two officers, especially the one long connected with the vice squad, made it quite clear how the game is conducted, and that an essential part of it was the collection of the yellow slips and their delivery to headquarters.

After the arresting officers entered the car the defendant requested to be permitted to make

three additional "pick-ups", which the officers explained as being the collection of the yellow slips.

The defendant has noted four assignments of error—(1) That the Court erred in holding the arrest was lawful and valid; (2) The Court erred in holding that the corpus delicti had been proved; (3) The Court erred in holding that the verdict was not against the weight of the evidence and not contrary to law; (4) In overruling the motion for new trial.

The Court of Common Pleas, upon the appeal from the Municipal Court, found that the evidence clearly established the commission of an overt act of carrying on, promoting and being concerned with a scheme of chance and that the arrest was legal, as the offense was being committed in presence of an arresting officer, and that therefore no warrant was required. The Court also found that the operation of the game was clearly described by the testifying officers, and that the defendant admitted that at the time of his arrest he was acting as "pick-up man". The Court also sustained the constitutionality of the act which was attacked by the defendant, and holds that there was no error.

We have carefully examined the bill of exceptions, which in itself is not long, consisting largely of the cross-examination of the two arresting officers for the purpose of showing that at the time of the arrest there was no offense being committed, and that the officers therefore had no right to make the arrest without a warrant, and that as a consequence the evidence secured could not be used against the defendant. The same argument was made in support of the motion of the defendant for the suppression of the evidence.

Numerous cases have been cited which we do not feel it necessary to comment upon.

Sec. 13,432-1 GC, provides for the arrest and detention of a person "found violating an ordinance of the city or village until a warrant can be obtained".

Inasmuch as it clearly appears from the evidence that the defendant at the very time he was arrested was actively concerned in the scheme of chance which was being indulged in, the officers had a right to arrest him without first securing a warrant. Even if the arrest had been wrongfully made in that no warrant was first secured, we are of the opinion that under the authority of State v Lindway, 131 Oh St 156, the evidence secured being competent and pertinent to the main issue, that it would be properly received against the accused.

This case is very well considered and is deserving of close reading. The 4th syllabus is as follows:

"In a criminal case, evidence obtained by an unlawful search is not thereby rendered inadmissible, and, if otherwise competent and pertinent to the main issue, will be received against an accused."

See Smith v City of Xenia, No. 467, Green County.

The accused did not testify in the case, and we are of the opinion that the evidence amply justified the finding of the trial Court that he was guilty as charged.

The ordinance does not violate the Constitution.

As a consequence the Court below did not commit error in affirming the judgment of the trial Court.

Judgment of the Court of Common Pleas affirmed; cause remanded.

BARNES, HORNBECK, JJ., concur.