## STATE v WILLIAMS

Ohio Appeals, 2nd Dist, Franklin Co

No 3406. Decided Oct 3, 1941

Ralph J. Bartlett, Prosecuting Attorney, Columbus, for plaintiff-appellee.

John D. Connor, Columbus, for defendant-appellant.

### OPINION

BY THE COURT:

This is a case on appeal from a judgment rendered by the Court of Common Pleas in the criminal division upon a verdict of guilty returned by a jury against the defendant-appellant. The charge in the Court of Common Pleas was operating a game of chance, commonly known as "numbers".

On May 23, 1941, the defendant was sentenced to the county jail for ten days and to pay a fine of $250.00. On June 21st, the Court made an order forfeiting the recognizance of the bondsman of the defendant and on same day motion for new trial was overruled. The defendant gave notice of appeal from the judgment rendered by the Court on June 21st. It is assumed that it is notice of appeal from the judgment affecting the defendant and not from the judgment forfeiting the recognizance.

The entry of June 21st, overruling the motion for new trial contains no order of the court referring to the sentence imposed upon the defendant on May 23rd. It, therefore, appears that

the notice of appeal was given from the decision of the court overruling a motion for new trial. This, of course, is not a final order and under our former ruling we would have held that the notice of appeal, being to the order of the court overruling the motion for new trial, was not effective to bring the case into this court. However, the Supreme Court has liberalized the procedure in reference to notice and the defendant would be entitled to give notice that his appeal was from the judgment of the court rendered on May 23rd, the date upon which the jury returned its verdict. It may be possible that some question could be raised as to the right of the court to sentence the prisoner upon the day the verdict was rendered without giving him an opportunity to file a motion for new trial within the three day limit and before the court had passed upon such motion. However, as we have stated above, this matter seems to be of no consequence because the defendant might now have the record so amended as to present the case. We will, therefore, consider it upon the record here presented, and the assignments of error.

These assignments of error are briefly to the effect,

(1) That the court erred in hearing the instant case out of regular order on the criminal docket. ▇▇▇▇ We see no merit in this contention and said assignment is overruled.

(2) That the court erred in allowing immaterial evidence on the hearing to suppress the evidence. We discover no such immaterial evidence and assignment No. 2 is overruled.

(3) That the court erred in overruling the motion to suppress evidence, to-wit, the number slips. This we will pass upon in more detail.

(4) That the court erred in permitting the reading of stenographic notes of the cross-examination of the defendant-appellant taken upon hearing to suppress evidence. The defendant, in the hearing of the motion to suppress

evidence, offered himself ▇▇▇▇ as a witness and we think it was proper for the prosecutor to read, as evidence, his testimony taken upon the hearing of such motion.

Burk v State, 104 Oh St 220, 2nd syllabus.

Harrison v State, 112 Oh St 429, 8th syllabus.

(5) That the court erred in overruling motion for new trial. This assignment of error will be considered together with assignment No. 3.

## THE FACTS.

The defendant was stopped upon the streets of the city of Columbus by two plain-clothes men who, upon search of his automobile, found certain slips of paper commonly known as "number slips" which were taken by the officers and the defendant was arrested and brought before a justice of the peace where he plead not guilty and was bound over to the grand jury which indicted him. Before trial he made his motion to suppress the evidence during which hearing the method was disclosed by which the slips were obtained by the officers from the defendant while he was riding in his automobile. After the defendant was arrested he conversed with the officers, stating that he wished to go to his number house, meaning thereby the house to which the collected slips were to be returned. His statements, so made, were testified to by the officers at his trial. It is claimed that the police officers in searching his automobile did not act in good faith and that the evidence so secured by them was immaterial and improper to be used at the trial. Counsel for defendant insist that such a seizure by the police officers renders the evidence so secured immaterial and irrelevant. We have recently had occasion to pass upon this same question in City of Columbus v Riggle, No. 3352, decided Sept. 9, 1941, 68 Oh Ap 15 and we there held on the authority of State v Lindway, 131 Oh St 156 that such evidence might be used. It is not necessary to rediscuss this matter as our opinion

422

has been recently rendered and is available to counsel. We are, therefore, of the opinion that the court █ did not err in overruling the defendant's motion to suppress the evidence as claimed in assignment No. 3.

The remaining portion of the argument of counsel is directed to the motion to overrule on the ground that the judgment of the court was not sustained by sufficient evidence. We have carefully read the bill of exceptions and it plainly appears that defendant, at the time of his arrest and the seizure of the slips, was engaged in promoting a game of chance. We have been unable to discover any reason for holding the judgment of the court was erroneous.

Judgment sustained. Cause remanded.

GEIGER. PJ., BARNES & HORNBECK, JJ., concur.