**COLUMBUS (CITY), Plaintiff-Appellee, v. SMITH, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3853. Decided February 15, 1946.

Glenn E. Kemp, Columbus, for Plaintiff-Appellee.
Evert E. Addison, Columbus, Abraham Gertner, Columbus, for Defendant-Appellant.

## OPINION

By THE COURT:

This is an appeal on law from the judgment of the Municipal Court of Columbus, Criminal Division, which found the defendant guilty of violating the provisions of Section 1089-1 of the City Ordinances of Columbus, Ohio. This ordinance provides as follows:

"Whoever shall within the city of Columbus have in his possession, or in his custody, or under his control, any ticket, check, writing, slip, paper or document, which represents or is a memorandum of, or is evidence of, or is intended to be used as a memorandum or evidence of, or which is designed or intended to be used in the process of making, settling, paying, registering, evidencing, or recording, a number of shares or an interest in a lottery, 'policy,' or scheme of chance, by whatever name, style, or title denominated or known, whether located or to be drawn, paid, or carried on within or without this city, shall be guilty of a misdemeanor and upon conviction shall be fined not more than five hundred dollars, or imprisoned not more than six month(s), or both."

The charge against the defendant was that he did "unlawfully have in his possession memorandum slips of a number of shares in a scheme of chance in violation of Section 1089-1 City Ordinance.

Before the trial on the merits, the appellant filed a motion to suppress the evidence. Evidence was taken on the motion, after which the Court overruled the motion and proceeded to try the case on the merits. The Court found the defendant guilty and imposed a fine of $200.00 and costs and a sentence of sixty days in the workhouse.

For his first assignment of error the appellant contends that the trial court erred in overruling the appellant's motion to suppress the evidence. The officers arrested the appellant without first having secured a search warrant. Under his first assignment of error the appellant contends that the admission of evidence obtained by an unlawful search and seizure deprives the appellant of his rights or property without due process of law, contrary to the provisions of the Fourteenth Amendment to the Federal Constitution. The trial Court admitted into the evidence memorandum slips

which were taken from the automobile which was used by the appellant at the time of his arrest. The Supreme Court of Ohio has changed its position twice on this legal proposition, the latest case being **State v. Lindway, 131 Oh St 166.** The pertinent parts of the syllabus of that case are as follows:

"4. In a criminal case, evidence obtained by an unlawful search is not thereby rendered inadmissible, and, if otherwise competent and pertinent to the main issue, will be received against the accused.

"5. An application or motion to suppress or exclude such evidence made before trial or during trial is properly denied. The court need not concern itself with the collateral issue of how the evidence was procured. (Fifth paragraph of the syllabus of **Nicholas v City of Cleveland, 125 Oh St 474,** and **Browning v City of Cleveland, 126 Oh St 285,** overruled.)

"6. The immunities from compulsory self-incrimination and unreasonable searches and seizures given by **Sections 10** and **14,** respectively, **Article 1,** of the **Constitution of Ohio,** are not violated by the denial of such application or motion and the admission of such evidence."

This Court is constrained to follow the rule laid down by our Supreme Court in the Lindway case, holding that the evidence obtained by the officer was admissible even though it was secured without a search warrant first being issued.

The constitutional question presented in this case is an interesting one in the light of the opinion of United States Supreme Court in the case of Martin v. Struthers, 319 U. S., 141, in which it reversed the Supreme Court of Ohio in the case of **City of Struthers v Martin, 139 Oh St 372.** However, this Court believes that it should adhere to the last ruling of the Supreme Court of Ohio on this subject.

For his second assignment of error, the appellant contends that the Court erred in finding him guilty, for the reason that the two officers who testified did not qualify as expert witnesses, and for the further reason that the City did not prove in what manner the exhibits or memorandum slips came within the provisions of the ordinance under which the appellant was tried. Officer Thompson testified that he was a police officer of the City of Columbus and assigned to duty on the vice squad for approximately a year and a half prior to the arrest. Officer Reeder testified that he

also was employed as a police officer of the City of Columbus and had been assigned to the vice squad for approximately a year and a half prior to the arrest. An effort was made to have Officer Thompson testify as to the use of the memorandum slips which were later introduced into the evidence. On objection, the Court excluded his testimony. However, Officer Reeder was permitted to testify relative to the memorandum slips and the use to which they were put in conducting a "number game." He explained that the number on the slip referred to a number of the stock exchange with an indication as to how much money the purchaser had played on that number. He further testified that if the number stated on the slip comes out in the newspaper, "the party who is backing the slip up is supposed to pay him." He further testified with reference to the amount which the holder of the slip would receive as gain if his number should win, i. e., the winner would win $5.00 or $5.50 on each penny paid. Officer Reeder testified that the memorandum slips which were introduced into the evidence all containing different numbers and different prices, were all used for the same purpose. He was asked this question:

"Q. Can you explain to the court what the meaning of those digits on that paper are?
A. Why, they represent a number they get out of the paper—commonly known as a numbers game they call it."

This testimony was admitted without objection. This evidence was properly admitted, and this Court is of the opinion that the witness who testified showed that he had the necessary experience to testify relative to the so-called "number game."

The appellant contends that the City did not make a proper case under the ordinance, for the reason that it did not show in what manner the memorandum slips were prohibited by the ordinance. The case of **City of Toledo v Johnson,** 72 Oh Ap 46, is cited in support of his contention. In that case the charge was that the defendant, "did unlawfully engage in a game of chance for money, to wit, number game, contrary to an ordinance." The affidavit was drawn under a section of the Ordinances of the City of Toledo which made it unlawful for any person to conduct "any game of chance whatever, for any money, property,

or other valuable thing." The Court held, and properly so, that it was incumbent on the City to show that the operation of a "number game" was a game of chance.. In the instant case, the appellant is charged under an ordinance which makes it unlawful for any person to have "in his possession, or in his custody, or under his control, any ticket, check, writing, slip, paper or document, which represents or is a memorandum of, or is evidence of, or is intended to be used as a memorandum or evidence of, or which is designed or intended to be used in the process of making, settling, paying, registering, evidencing, or recording, a number of shares or an interest in a lottery, 'policy,' or scheme of chance,. by whatever name." It will be observed that the ordinance under which the appellant has been charged is quite different from that under which the defendant was charged in the Johnson case. In that case it was incumbent upon the City to show that the operation of the "number game" was a "game of chance" in order to show a violation of the ordinance under which the defendant was charged. In the instant case, all that the City is required to show is that the appellant was in possession of or had in his custody or under his control the memorandum slips which were intended to be used as a memorandum or evidence of a number of shares or an interest in a scheme of chance. There is enough evidence in this case to support the judgment of the trial Court in finding the appellant guilty of violating the ordinance under which he was charged.

The appellant also contends that the trial Court committed error in permitting the officer to testify as to prior convictions. It is contended that prior convictions should have been shown by producing the records of the courts in which the convictions took place. It is further contended that if such records were unavailable this showing must first be made before oral testimony could be given by the officers in regard to prior convictions. The record shows that after arguments of counsel were completed the Court made this statement: "The Court finds you guilty of the possession and promotion of a scheme of chance. I would like some information about this defendant's record." At this point, counsel for the appellant objected to the offering of the record. The Court said, "I understood from the evidence that he was in here and convicted on this same charge about March, is that correct?" In the answer to the Court's inquiry, Officer Thompson stated "March 1, 1945. Also the fourth month, eleventh day, 1945." Counsel for the appellant ob-

jected to this testimony being offered. No ruling according to the record was made by the Court. The contention of the appellant would have much force if these statements had been made during the trial of the case on the merits and prior to the time the Court had announced its judgment. After judgment, it is proper for the Court to be advised as to any prior convictions at the time it passes sentence. Such information may be furnished by counsel or, as in this case, by the officer who may have the desired information.

We are of the opinion that no prejudicial error was committed and the judgment of the trial court is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.