**STATE, Plaintiff-Appellee, v KENDRICK, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3986.  Decided January 28, 1948.

Glenn E. Kemp, Police Prosecutor, Columbus, for plaintiff-appellee.

W. S. Lyman, Columbus, for defendant-appellant.

### OPINION

By MILLLER, J.

This is a law appeal from the Municipal Court of Columbus, Ohio. The record discloses that the defendant, Willie Kendrick, was charged with the illegal possession of liquor for sale in violation of §6064-54 GC. A jury trial was had and a verdict returned of guilty. Before proceeding to trial the de-

fendant made a motion to suppress the evidence for the reason that the search warrant was illegal in several respects. This motion was overruled, which is the first assignment of error. The evidence objected to consisted of whiskey, rum, beer and wine. Since competent evidence was seized upon the search, the legality of the search warrant is immaterial. See State v Lindway:

"3. An officer of the law who makes search and seizure in a dwelling or other premises, without a warrant or with an illegal warrant in contravention of **Section 14, Article I**, of the **Constitution of Ohio,** is a trespasser, and amenable to an action for such trespass.

4. In a criminal case, evidence obtained by an unlawful search is not thereby rendered inadmissible, and, if otherwise competent and pertinent to the main issue, will be received against an accused.

5. An application or motion to suppress or exclude such evidence made before trial or during trial is properly denied. The court need not concern itself with the collateral issue of how the evidence was procured. (Fifth paragraph of the syllabus of **Nicholas v City of Cleveland, 125 Oh St, 474,** and **Browning v City of Cleveland, 126 Oh St, 285,** Overruled.)"

It appears further that the defendant objected to the use of this evidence for the reason that it was kept in the possession of the Police Department up to the time of the trial and not in the possession of the judge, clerk or magistrate as required by §13430-6 GC. However, the defendant offered no evidence to support this charge and it was therefore properly overruled.

The only other error remaining to be discussed in the brief of counsel is that the verdict is against the manifest weight of the evidence. We have read the entire record in this case and find the evidence of guilt is strong and convincing and sufficient in every way to support the verdict.

We find no error in the record and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.