## CLEMENT v. UNITED STATES.
## No. 11673.

United States Court of Appeals
District of Columbia Circuit.
Argued Oct. 23, 1953.
Decided Nov. 20, 1953.

Appellant's possession of used slips was also "prima-facie evidence" of carrying on a lottery. D.C.Code (1951) § 22–1501, 31 Stat. 1330 (1901) as amended. Harvey v. United States, 91 U.S.App.D.C. 36, 197 F.2d 594; Shaw v. United States, 93 U.S.App.D.C. ——, 209 F.2d 298.

We have considered appellant's other contentions and find no error.

Affirmed.

Mr. Rex K. Nelson, Washington, D. C., with whom Mr. James K. Hughes, Washington, D. C., was on the brief, for appellant.

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., Thomas A. Flannery, Asst. U. S. Atty., and William J. Peck, Asst. U. S. Atty., Washington, D. C., at time of argument, were on the brief, for appellee. Messrs. Charles M. Irelan, U. S. Atty., and William R. Glendon, Asst. U. S. Atty., Washington, D. C., at time record was filed, also entered appearances for appellee.

Before EDGERTON, WILBUR K. MILLER, and BAZELON, Circuit Judges.

PER CURIAM.

D.C.Code (1951) § 22–1502, 52 Stat. 198 (1938), penalized possession of slips "used, or to be used" for carrying on a lottery. Appellant's possession of used numbers slips, known in the game as "dead" slips, was therefore an offense, although it occurred before Public Law 85, § 206, 83d Cong., 1st Sess., June 29, 1953, which adds the words "current or not current," was enacted. France v. United States, 164 U.S. 676, 17 S.Ct. 219, 41 L.Ed. 595, and United States v. Halseth, 342 U.S. 277, 72 S.Ct. 275, 96 L.Ed. 308, on which appellant relies, dealt with statutes that did not contain the word "used" or any equivalent word.

