City of Columbus, Appellee, *v.* Gray, Appellant.

(No. 5077—Decided October 14, 1954.)

*Mr. Chalmers P. Wylie,* city attorney, *Mr. Malcolm M. Prine* and *Mr. Bush P. Mitchell,* for appellee.
*Mr. Isadore L. Margulis,* for appellant.

Miller, J. The defendant was charged in the Municipal Court of Columbus with unlawfully possessing or having in his custody or control numbers slips intended to be used as a memorandum in the process of the operation of a scheme of chance in violation of Section 29.48-2 of the city code. On trial being had by the court a finding of guilty was returned and sentence pronounced.

The errors assigned may be epitomized as being:

(1) The court erred in overruling defendant's motion to suppress the evidence.

(2) The judgment is against the manifest weight of the evidence.

In support of the first ground the record discloses that a search warrant was regularly issued authorizing the search of the premises wherein the evidence was seized. The defendant urges, however, that the warrant was void for the reason that it did not state the name of the person to be seized. We do not think this was in violation of Section 13430-4, General Code, but, conceding for the sake of argument that it was, still the motion was properly overruled. If the search warrant was void, then there was no warrant and when contraband is seized as a result of an unlawful search it may nevertheless be introduced in evidence against the accused. *City of Columbus* v. *Smith*, 78 Ohio App., 66, 65 N. E. (2d), 716; *State* v. *Lindway*, 131 Ohio St., 166, 2 N. E. (2d), 490.

It is next urged that the evidence does not support a conviction in that there was no showing in the record that the evidence produced was designed or intended to be used in a scheme of chance or in any way connected with the settling, paying or recording of an interest therein. The city ordinance, section 29.48-2, provides:

"Whoever shall within the city have in his possession, or in his custody or under his control, any ticket, check, writing, slip, paper, card, ball, cube, disk, or document, which represents or is a memorandum of, or is evidence of, or is intended to be used as a memorandum or evidence of, or which is designed or intended to be used in the process of making, settling, paying, registering, evidencing, or recording, a num-

ber of shares or an interest in a lottery, 'policy,' or scheme of chance, by whatever name, style or title denominated or known, whether located or to be drawn, paid or carried on within or without the city, shall be guilty of a misdemeanor and upon conviction shall be fined not more than five hundred dollars, or imprisoned not more than six months, or both.''

The record reveals that it was stipulated by agreement of counsel that the slips offered in evidence were number slips used in a scheme of chance known as the ''numbers game,'' to wit:

''By Mr. Vandervoort: Q. 80. Now I'll show you what has been marked city's exhibit B and ask you if that's the book that was found by the adding machine? A. Yes, sir, it is.

''Mr. Vandervoort: Now, for the purpose of the record, counsel for the defendant and the prosecution will stipulate that this is a memorandum book used in the scheme of chance known as the numbers game; however, showing that the beginning date on this book is August 17th, 1953. Is that agreeable, now, Mr. Margulis?

''Mr. Margulis: That's correct.

''Mr. Vandervoort: And there apparently are no other dates in this book.

''By Mr. Vandervoort: Q. 81. Now, I'll show you city's exhibit C which is an envelope containing a packet of slips which I believe we can stipulate for the purpose of the record by and between counsel for the prosecution and the defense that these are all the yellow copies of number slips from a numbers book used in a scheme of chance known as the numbers game, is that right?

''Mr. Margulis: Well, that isn't enough there. I want the dates on there.

"Mr. Vandervoort: I'm going to stipulate that later.

"Mr. Margulis: Well, let's stipulate it all together.

"Mr. Vandervoort: All right. And also that the packet of slips herein contained are all either undated or dated September 1st, 1953.

"Mr. Margulis: That's agreeable.

"'* * *

"By Mr. Vandervoort: Q. 102. Now, Mr. Longerbone, did you have any conversation with the defendant, Maceo Gray, after you had seized these slips and the other exhibits? A. I did. I asked him what he was doing with all the slips. He stated to me that he had to hold them for a certain length of time. And I asked him why, and he could give us no reason why."

Counsel for defendant urges that since the arrest was made on September 4, 1953, and the slips offered in evidence were dated between August 17, and September 1, 1953, it could not be said they were intended to relate to any existing game of chance on the date of arrest. It will be noted that the ordinance does not fix the date upon which the game must be played in order to establish guilt, but merely requires that the ticket be designed or intended to be used in the process of recording or settling an interest in a lottery. In any scheme of chance it is common knowledge that a settlement cannot be made until after the game has been played. Hence, the ordinance is properly silent as to fixing any date upon which this must be accomplished. The character of the exhibits was established by the stipulation. The evidence discloses that the memoranda were used, as their totals had been run off on an adding machine slip, the tape of which was in evidence, and the defendant made the statement that he had to hold the numbers slips offered in evidence for a certain length of time.

We think the evidence supports the conviction and the judgment will be affirmed.

*Judgment affirmed.*

Wiseman, P. J., and Hornbeck, J., concur.