George FERGUSON, Appellant,

v.

UNITED STATES, Appellee.

No. 1768.

Municipal Court of Appeals for the District of Columbia.

Argued April 30, 1956.

Decided June 27, 1956.

Curtis P. Mitchell, Washington, D. C., with whom John A. Shorter, Jr., and William A. Smith, Jr., Washington, D. C., were on the brief, for appellant.

E. Tillman Stirling, Asst. U. S. Atty., with whom Oliver Gasch, U. S. Atty., Lewis Carroll and George Donegan, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges; and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Appeal from a conviction of possessing lottery slips. D.C.Code, § 22–1502.

Defendant was found in a "numbers drop" where he was arrested and searched. In his possession was a small pad of paper, on four pages of which certain numbers and symbols had been written. At trial defendant stipulated that the arresting officer might testify as an expert, and he said it was his opinion that the numerals on the pad indicated that defendant was a "writer." On cross examination he was unable to say whether consideration had passed for the slips.

Defendant denied that he was a numbers writer but admitted the slips taken from his pocket were his. He also admitted he had come to the premises to make some numbers bets, but had been arrested before he could do so. At the close of the evidence defendant moved for judgment of acquittal

---

on the ground that conviction under the statute was dependent upon proof that consideration had passed for the numbers slips. The court, though it found as a fact that defendant had not played the slips, and that consideration had not passed for them, found defendant guilty of possession of the slips as charged in the information.

■ Our first question is whether in a prosecution for the possession of numbers slips it is necessary to prove that consideration has passed therefor; that is, that the slips have entered the play of the numbers game.

While it is true that "consideration," together with "chance" and "prize," is one of the three elements necessary to constitute a lottery [1] no case involving a conviction for the mere "possession" of numbers slips has been found which requires or even intimates that consideration must be shown to have passed in order to sustain a conviction under a statute like ours, making possession alone a crime.[2] And in what seems to be the only case in which the precise contention was raised, the idea that "consideration" is an essential element of the crime of possessing the paraphernalia of a lottery was expressly rejected. Victor v. State, 141 Fla. 508, 193 So. 762.

While in our jurisdiction there are no cases directly in point, it is settled law here that possession of a "dead slip" is sufficient to sustain a conviction under the statute.[3] Therefore there is no merit in appellant's contention that the slip must be shown to have entered or become a part of a numbers game. Certainly "dead slips" cannot

be said to be in the play of a numbers game and yet convictions for their possession have been held valid.

Defendant relies on France v. United States, 164 U.S. 676, 17 S.Ct. 219, 41 L.Ed. 595, in which the Supreme Court reversed a conviction for interstate transportation of lottery paraphernalia where the evidence showed the lottery had already been drawn, and Smith v. United States, 70 App.D.C. 255, 105 F.2d 778, in which he claims the court implied it would not be apt to sustain a conviction if the evidence showed the accused was in possession of dead or expired lottery tickets. He also cites Harvey v. United States, 91 U.S.App.D.C. 36, 197 F.2d 594, and United States v. Halseth, 342 U.S. 277, 72 S.Ct. 275, 96 L.Ed. 308, in support of his theory that convictions cannot be had for possession of "dead" slips. But he admits that in amending section 22–1502 on June 29, 1953, and adding the words "current or not current" Congress may have changed the import of the earlier decisions.

That, of course, is true. In Clement v. United States, supra [93 U.S.App.D.C. 154, 208 F.2d 47], the court distinguished both the France and Halseth cases stating that they involved statutes that did not contain the word "used" or "any equivalent word." The court held that possession of "dead" slips was an offense even though it occurred before the words "current or not current" were added to the statute. The same ruling was made in Ledbetter v. United States, 93 U.S.App.D.C. 155, 211 F.2d 628, certiorari denied, 347 U.S. 977, 74 S.Ct. 789, 98 L.Ed. 1116. Both the

1. National Conference on Legalizing Lotteries v. Farley, 68 App.D.C. 319, 96 F. 2d 861, certiorari denied, 305 U.S. 624, 59 S.Ct. 85, 83 L.Ed. 399.

2. See, Romero v. People of Puerto Rico, 1 Cir., 182 F.2d 864; Bradley v. State, 202 Md. 393, 96 A.2d 491; Yanch v. State, 201 Md. 296, 93 A.2d 749; Ford v. State, 85 Md. 465, 37 A. 172, 41 L.R.A. 551; City of St. Paul v. Stovall, 225 Minn. 309, 30 N.W.2d 638; State v. Murzda, 116 N.J.L. 219, 183 A. 305; Board of Com'rs of City of Newark v. Gro-

decki, 33 A.2d 115, 21 N.J.L.Misc. 241; People v. Wolosky, 296 N.Y.S. 236, 72 N.E.2d 172; People ex rel. Wilson v. Flynn, 37 Misc. 87, 74 N.Y.S. 731, affirmed 72 App.Div. 67, 76 N.Y.S. 293; City of Columbus v. Gray, 98 Ohio App. 464, 129 N.E.2d 857; City of Cincinnati v. Hawkins, Ohio App., 75 N.E.2d 218; Williams v. State, 159 Tex.Cr. 487, 264 S.W.2d 731; and See Note, 162 A.L.R. 1188.

3. Clement v. United States, 93 U.S.App. D.C. 154, 208 F.2d 46.

Smith and Harvey cases were decided prior to the Clement case and prior to the June 29, 1953, amendment above quoted. In the Harvey case the conviction was one for operation of a lottery under 22–1501 and the issue was whether the possession of slips not shown to be "alive" was evidence of the offense proscribed. In the Smith case the issue of "dead" slips was not decided, the court expressly leaving the question open for future decision. Similarly, in Roseborough v. United States, D.C.Mun. App., 86 A.2d 920, the issue was not decided by this court, which cited Smith, supra.

Thus the cases cited by defendant are not now applicable. The recent rulings in the Clement and Ledbetter cases, supra, treat the question squarely and supersede prior rulings or dicta.

Fletcher v. United States, D.C.Mun.App., 49 A.2d 88, also cited by appellant is not applicable. There the defendant had been arrested for intoxication and certain slips or scraps of paper were found in his possession. The officer described them as numbers slips but gave no reason except that he had observed people writing numbers and had experience in arresting numbers writers. There was no attempt to prove whether the slips were those of a player or runner or banker. On the Government's confession of error we held that the evidence was insufficient to sustain a conviction. In the case now before us it was stipulated that the officer could testify as an expert and he expressly stated that the slips were numbers slips and defendant himself admitted that he was a player and had intended placing the slips in play. We note also that the Fletcher case was decided in 1946, several years before the amendment we have discussed above.

█ The next question is whether the statute is constitutional. The validity of similar enactments has been upheld several times. The Supreme Court in Adams v. New York, 192 U.S. 585, 24 S.Ct. 372, 375, 48 L.Ed. 575, ruled that: "We fail to perceive any force in this argument. The policy slips are property of an unusual char-

acter, and not likely, particularly in large quantities, to be found in the possession of innocent parties. Like other gambling paraphernalia, their possession indicates their use or intended use, and may well raise some inference against their possessor, in the absence of explanation. Such is the effect of the statute. Innocent persons would have no trouble in explaining the possession of these tickets, and in any event the possession is only prima facie evidence, and the party is permitted to produce such testimony as will show the truth concerning the possession of the slips." This case was quoted in Roseborough v. United States, supra.

State courts have also upheld the validity of statutes similar to ours. In Ex Parte McClain, 134 Cal. 110, 66 P. 69, 70, 54 L.R. A. 779, the court said, " * * * it has never been found necessary to overthrow a law otherwise valid because in some supposititious case a person might be charged with its violation who came within the letter, yet not within the spirit, of the enactment. * * * The design of the ordinance is to stamp out lotteries and the traffic in lottery tickets. For, if there were no buyers of lottery tickets, there would be no sellers of them; * * * it is clearly within the power * * * of the municipality, in its endeavor to eradicate the evil, to hold the purchaser or possessor also culpable." Similarly, in State v. Murzda, 116 N.J.L. 219, 183 A. 305, 309, the court ruled: "The possession of such tickets or slips may not be characterized by an intent to put them to an unlawful use. Yet it tends to create both opportunity and temptation to infringe the law against lotteries; and the object of the statute is plainly to strike at the evil in its inception by a measure that is primarily preventive in character." See also Ford v. State, 85 Md. 465, 37 A. 172, 41 L.R.A. 551; Board of Com'rs of Newark v. Grodecki, 33 A.2d 115, 21 N.J.L. Misc. 241; People ex rel. Wilson v. Flynn, 37 Misc. 87, 74 N.Y.S. 731, affirmed, 72 App.Div. 67, 76 N.Y.S. 293.

Affirmed.