THE STATE OF OHIO, APPELLEE, *v.* CLAWSON, APPELLANT.

(No. 2690—Decided August 14, 1962.)

*Mr. Henry W. Phillips,* prosecuting attorney, for appellee.
*Messrs. Froug & Froug,* for appellant.

KERNS, J. This is an appeal on questions of law from the Dayton Municipal Court, wherein an affidavit was filed on December 5, 1961, by an officer of the Dayton police department charging that the defendant, Linden M. Clawson, "unlawfully engaged in the business of a debt-pooling company, said Linden M. Clawson not being licensed and regulated by the legislative authority of the city of Dayton, Ohio, so to do, contrary to Section 4710.02 of the Ohio Revised Code."

An affidavit for a search warrant was also filed by the officer, and a warrant for search was issued by the Dayton Municipal Court. Thereafter, police officers entered the offices of defendant and removed various books, records, receipts and cancelled checks which are now in the possession of the Dayton Municipal Court.

Subsequently, on December 5, 1961, the defendant entered a plea of "not guilty" to the charges filed against him, and on December 6, 1961, filed a motion seeking the return of the

records taken by the police on the ground that the search warrant was illegal and void, and that said taking was in violation of the Constitution of the state of Ohio and the Constitution of the United States.

On December 19, 1961, the motion for the return of the books and records came on for hearing in the trial court; evidence was taken, as exemplified by the bill of exceptions filed herein; and the court, upon consideration, overruled the motion.

The present appeal is from the order denying the motion for the return of the books and records, and is predicated upon the contention that the affidavit for a search warrant does not meet the requirements of Section 2933.23, Revised Code.

Section 2933.23, Revised Code, provides:

"A warrant for search shall not be issued until there is filed with the judge or magistrate an affidavit particularly describing the house or place to be searched, the person to be seized, the things to be searched for and seized, and alleging substantially the offense in relation thereto, and that the complainant believes and has good cause to believe that such things are there concealed, and he shall state the facts upon which such belief is based. The judge or magistrate may demand other and further evidence before issuing such warrant."

Omitting the caption, the affidavit for a search warrant filed in the present case follows:

"Before me, * * * Judge of the Dayton Municipal Court, personally came F. R. Severance who, being first duly sworn according to law, deposes and says that the following goods and chattels or papers, to-wit; Records, books, receipts and cancelled checks are being held by John/Jane Doe, and or Linden M. Clawson,/The Budget Plan of the city aforesaid in said county, and has good cause to believe that said goods and chattels, or papers, or some part of them, are now concealed Rm. 310 Cooper Bldg., suite of offices—in the county and state aforesaid. *This affidavit is based upon confidential information.* And further this deponent saith not." (Emphasis ours.)

It should be noted that the affidavit fails to disclose certain elements required by the statute. In addition to the fact that the affidavit makes no reference to the offense charged against the defendant, it is completely devoid of any facts upon

which the belief is based that the things to be searched for are concealed at the place stated in the affidavit. The Supreme Court of Ohio has held that such an affidavit and the warrant issued thereunder are illegal and void. *Nicholas v. City of Cleveland*, 125 Ohio St., 474. The fourth paragraph of the syllabus of that case reads specifically as follows:

"Where an affidavit for search alleges only that complainant believes and has good cause to believe that the things to be searched for are concealed in a house or place, but does not state the facts upon which such belief is based, such affidavit and warrant issued thereunder are illegal and void under the provisions of Section 13430-3, General Code [now Section 2933.23, Revised Code]."

In the course of its opinion in the *Nicholas case*, the Supreme Court, at page 486, said:

"The court is of the opinion that a search can be made in this state only by complying with the amended statute (now Section 13430-3, General Code), which specifically requires that in the affidavit for search the complainant must state the facts upon which his belief is based; and that this requirement was placed in the statute in order that the judge or magistrate issuing such warrant might determine, for himself, whether the facts stated in the affidavit were sufficient for him to issue it, and not leave that determination, as formerly, to the whim, caprice or belief of the complainant."

Although the *Nicholas case* was partially overruled in the later case of *State v. Lindway*, 131 Ohio St., 166, the area of disagreement between those cases did not affect the rule that an affidavit for search must meet the requirements of Section 13430-3, General Code (now Section 2933.23, Revised Code). The *Lindway case* held, rather, in overruling the *Nicholas case*, that evidence obtained by an unlawful search was not thereby rendered inadmissible, and, if otherwise competent and pertinent to the main issue, could be received against an accused. The rule established in the *Lindway case*, to the effect that the source of procurement of evidence, whether legal or illegal, was of no consequence and without bearing upon its admissibility against an accused, has been followed by this court many times. *City of Columbus v. Smith*, 78 Ohio App., 66; *State v. Williams*, 69 Ohio App., 361; *City of Columbus v. Gray*,

98 Ohio App., 464; *City of Dayton* v. *Winton*, 105 Ohio App., 36; *City of Xenia* v. *Smith*, 34 Ohio Law Abs., 620; *State* v. *Miller*, 85 Ohio App., 376; *State* v. *Kendrick*, 52 Ohio Law Abs., 383.

The same rule was approved and followed by the Supreme Court of Ohio in the case of *State* v. *Mapp*, 170 Ohio St., 427. In deciding the *Mapp case*, the Supreme Court of Ohio undoubtedly relied uppon the case of *Wolf* v. *Colorado*, 338 U. S., 25, 93 L. Ed., 1782, 69 S. Ct., 1359, decided by the Supreme Court of the United States in 1949, which held that in a prosecution in a state court for a state crime the Fourteenth Amendment does not forbid the admission of evidence obtained by an unreasonable search and seizure.

However, the judgment of the Supreme Court of Ohio in the *Mapp case* was reversed by the Supreme Court of the United States on June 19, 1961. (*Mapp* v. *Ohio*, 367 U. S., 643, 6 L. Ed. (2d), 1081, 81 S. Ct., 1684.) In reversing the Supreme Court of Ohio, the United States Supreme Court held that, as a matter of due process, evidence obtained by a search and seizure in violation of the Fourth Amendment is inadmissible in a state court as it is in a federal court. The headnotes in the Lawyers Edition report of that case are in part as follows:

"3. All evidence obtained by searches and seizures in violation of the Fourth Amendment of the Federal Constitution is, by virtue of the due process clause of the Fourteenth Amendment guaranteeing the right to privacy free from unreasonable state intrusion, inadmissible in a state court.

"4. The Fourth Amendment's right of privacy is enforceable against the states through the due process clause of the Fourteenth Amendment."

It is thus apparent that the "doctrine of exclusion," adopted by the Supreme Court of the United States as to federal prosecutions in the case of *Weeks* v. *United States*, 232 U. S., 383, 58 L. Ed., 652, 34 S. Ct., 341, now applies with equal force to state prosecutions in state courts and that the rule of the *Lindway case*, allowing evidence obtained by an unlawful search and seizure to be used against an accused, no longer prevails in Ohio or elsewhere in the United States.

But the plaintiff contends further that a search warrant

was not necessary under the circumstances of this case because "the arrest in this case was made as in any other case wherein the offense is committed in the officers' presence." This contention, however, has no support from the record. The only witness to testify at the brief hearing upon the motion was the defendant's secretary. She was not subjected to cross-examination by the plaintiff. Nor did the plaintiff present any evidence tending to show that the defendant was engaged in any criminal activity at the time of arrest. To give credence to the plaintiff's belated claim that no search warrant was necessary in this case would require this court to go beyond the record into an area of supposition and conjecture. This we may not do. The items taken from the defendant are not inherently endowed with a criminal purpose. In fact, they are not substantially unlike records which might be found in hundreds of offices in the city of Dayton. If they had been legally seized, the city would have been entitled to only the temporary possession thereof, and that only for evidential purposes. See *Rosanski* v. *State*, 106 Ohio St., 442.

Applicable here, in our opinion, is the following statement from the case of *Mapp* v. *Ohio, supra* (367 U. S., 643):

"However much in a particular case insistence upon observance by law officers of traditional fair procedural requirements may appear as a technicality that inures to the benefit of a guilty person, the history of the criminal law proves that tolerance of shortcut methods in law enforcement impairs its enduring effectiveness."

The judgment will be, and hereby is, reversed and the records ordered returned to the defendant.

*Judgment reversed.*

CRAWFORD, P. J., and SHERER, J., concur.